# THE PEOPLE *v.* THE ALAMEDA TURNPIKE ROAD COMPANY.

SERVICE OF A NOTICE BY MAIL.—A party relying upon a service of a notice by mail must show a strict compliance with the provisions of the statute in making service.

AFFIDAVIT OF SERVICE OF NOTICE BY MAIL.—An affidavit of service of a notice of appeal, by mail, must state that there is a regular communication by mail between the place of residence of the person making the service and the residence of the person upon whom it is to be served.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* and *R. F. Peckham,* for Appellants, argued that the Court should take judicial knowledge of the fact that there was a regular communication, by mail, between San José and San Francisco, and cited 1 Greenl. on Ev. 6 ; 5 Cond. 612 ; *Weaver* v. *McElhennon,* 13 Miss. 89 ; *Wright* v. *Philips,* 2 Green (Iowa,) 191 ; *Chapman* v. *Wilber,* 6 Hill, 475 ; *People* v. *Brenze,* 7 Cow. 429 ; and *Hipes* v. *Cockron,* 13 Ind. 175.

*Patterson, Wallace & Stow,* for Respondent, argued that the record should show that there was a regular communication, by mail, between the places mentioned.

By the Court, CURREY, C. J. :

When this case was called for argument the defendant's counsel presented to the Court exceptions, to the effect that no proper evidence of the service of notice of appeal appears in the transcript, which exceptions were duly taken and filed in accordance with a rule of the Court.

The notice of appeal contained in the transcript is in due form, but the evidence that a copy of such notice was served

on the attorneys for the defendant is an affidavit which purports to have been annexed to the notice filed, in the following words and figures :

" State of California,
  County of Santa Clara, } *ss.*

" I, R. F. Peckham, do solemnly swear that I, on the 25th day of January, A. D. 1866, after the foregoing notice had been filed with the Clerk of the District Court of the County of Santa Clara, served a true copy thereof on Patterson, Wallace & Stow, attorneys for the defendant, by depositing said copy inclosed in an envelope and directed to said Patterson, Wallace & Stow, at San Francisco, their place of residence, in the Post Office at San José, my place of residence, and prepaying postage."

The affidavit was signed by R. F. Peckham and sworn to before a proper officer on the day last named and filed in the office of the Clerk of the District Court on the same day. The notice itself is signed with the name of " John G. McCullough, Attorney-General," and " R. F. Peckham, of counsel."

The three hundred and thirty-seventh section of the Practice Act provides the mode of taking an appeal, in the following words : " The appeal shall be made by filing with the Clerk of the Court with whom the judgment or order appealed from is entered, a notice stating the appeal from the same or some part thereof, and serving a copy of the same upon the adverse party or his attorney."

The service of written notices and other papers, except original and final process, and except subpœnas, writs, etc., must be made on the attorney of a party, provided he has appeared by attorney. (Practice Act, Secs. 519, 523, 524.) Under certain specified circumstances the service of notices may be made through the mail. Service by mail may be made when the person making the service and the person on whom it is to be made reside in different places, between which there is a regular communication by mail. (Practice Act, Sec. 521.) The five hundred and twenty-second section of the Practice

Act specifies with particularity the manner of service by mail, as follows : " In case of service by mail, the notice or other paper shall be. deposited in the Post Office, addressed to the person on whom it is to be served, at his place of residence, and the postage paid.   In such case the time of service shall be increased one day for every twenty-five miles distance between the place of deposit and the place of address ; *provided*, that service in every case shall be deemed complete at the end of ninety days from the date of its deposit in the Post Office."

The statute prescribes in detail what a party shall do in order to effect an appeal from a District Court to the Supreme Court.   The notice of appeal must be filed and a copy served on the attorney for respondent, if he has an attorney ; and then, to render the appeal effectual, the appellant must file an undertaking with sureties or deposit with the Clerk a certain sum of money within five days after the notice of appeal is filed.   (Practice Act, Secs. 337 and 338.)   It should appear in evidence from the record that the copy of the notice of appeal was served ; otherwise it cannot be intended this Court has any jurisdiction in the premises.   (*Franklin* v. *Reiner*, 8 Cal. 340 ; *Buffendeau* v. *Edmundson*, 24 Cal. 94.)

Under the New York statute regulating the mode of serving notices and papers, which is the same as sections five hundred and twenty, five hundred and twenty-one, and five hundred and twenty-two of our Practice Act, the Courts of that State have uniformly held that a party relying upon a service by mail, or otherwise than by actual service on the proper person, must show a strict compliance with the requirements of the statute.   (New York Code, Secs. 409, 410, 411 ; *Bross* v. *Nicholson*, 1 How. Pr. R. 158 ; *Schenck* v. *McKie*, Pr. R. 247 ; also, 1 Hill, 217, 218 ; 23 Wend. 677 ; *Birdsall* v. *Taylor*, 1 How. Pr. R. 89 ; *Paddock* v. *Bebee*, 2 Johns. Cas. 117.)   It will be observed that by the five hundred and twenty-first section of the Practice Act, service by mail is good only where the person making the service and the person on whom it is to be made reside in different places, between which there is a

regular communication by mail.  The affidavit of Peckham does not show that there was a regular communication by mail between his place of residence and the place of the residence of the defendant's attorneys, nor that there was any communication whatever by mail between the two places; and we cannot judicially know or intend that there was.  The affidavit fails to show that the service attempted to be made was effectual.  Where service is sought to be made by mail it should appear that the conditions on which its validity depends had existence; otherwise the evidence must be held insufficient to establish the fact of service.

The defendant's counsel make another objection to the alleged service of a copy of the notice of appeal, which is that in no event could service be made on the attorneys of the defendant by depositing a copy of the notice in the Post Office at San José, because that was not the place of residence of the Attorney-General, who was the plaintiff's attorney.  We do not deem it necessary to examine this objection, inasmuch as the first considered disposes of the case.

We decide the objection of the defendant well taken, and order the case dismissed.