judgment entered may relate to such rendition for certain purposes. But this does not make the conclusions of law first announced final and beyond the reach of the Court. There is no judgment which is final until a judgment is recorded.

Judgment and order affirmed.

---

[No. 7,518.—Department One.]
November 8, 1882.

## ROWENA G. STEELE v. BOARD OF SUPERVISORS OF MERCED COUNTY.

SERVICE OF NOTICE BY MAIL—APPEAL—NOTICE OF APPEAL—DISMISSAL OF APPEAL.—On the authority of *Reed* v. *Allison*, 10 P. C. L. J. 239, appeal dismissed.

APPEAL by defendants from the judgment of the Superior Court of the County of Merced. MARKS, J.

Petition for writ of mandate to compel the Board of Supervisors of Merced County to award the county printing to the plaintiff. The petition for the writ was filed in the Superior Court of Merced County on August 27, 1880. Defendants demurred to the writ; the demurrer was overruled, and defendants declining to answer, judgment was given against them. The notice of appeal was dated November 5, 1880.

As appears from return of service indorsed thereon, it was served on the sixth day of November, 1880, on the plaintiff, Rowena G. Steele, personally, at the county of Merced, by the Sheriff of that county. The affidavit of service of the notice upon the plaintiff's attorney is in the words and figures following:

"State of California, County of Merced, ss.: Zue G. Peck, being duly sworn, deposes and says: he is a white male citizen over the age of twenty-one years, and he is clerk in the office of Frank H. Farrar, District Attorney of Merced County, California. That, as such clerk, he did, on the eighth day of November, A. D. 1880, deposit in the United States post-office in the town of Merced, county of Merced, State of California,

a sealed envelope with a six-cent United States postage stamp imprinted thereon, containing a true and correct copy of the annexed notice of appeal, and directed to Mrs. Laura DeForce Gordon, 29 Montgomery Block, San Francisco, California.

"That affiant is informed and believes, and so states the facts to be, that said Laura DeForce Gordon is the attorney of record for the plaintiff in the action wherein the annexed notice of appeal is given, and that her place of business is at 29 Montgomery Block, in the City and County of San Francisco, State of California.                ZUE G. PECK."

Respondent moved to dismiss the appeal on the ground that no service of the notice of appeal was shown in the transcript on appeal.

*Laura De Force Gordon*, for the motion.

This appeal should be dismissed, as there is nothing in the transcript to show or prove service of "Notice of Appeal," which must be shown. (*Hildreth* v. *Gwindon*, 10 Cal. 490.) The alleged service on Rowena G. Steele by the Sheriff personally is nugatory and void. (C. C. P., § 1015; *Grant* v. *White*, 6 Cal. 55; *Abrahams* v. *Stokes*, 39 id. 150; *Whittle* v. *Renner*, 55 id. 395; *Prescott* v. *Salthouse*, 53 id. 221.) The only proof offered is a pretended service shown by the affidavit of Zue G. Peck, which affidavit is manifestly insufficient in the following particulars:

1. It does not show that the residence or place of business of the parties giving notice is in a different place than that of the respondent's attorney, to whom they thus attempt to give notice. Service by mail can only be made where the persons making the service and the person to whom it is to be made, reside, or have their places of business, in different places, between which there is a regular communication by mail. (C. C. P., § 1012; *Moore* v. *Besse*, 35 Cal. 184; *Schenck* v. *McKie*, 4 How. Pr. 246.)

2. The affidavit of Peck fails to show a single step towards a valid service of "Notice of Appeal." It does not show that the mailing of the notice was done at the request of the appellants or their attorney, or on their behalf. Without some authority to do so, he had no right to mail the notice, and it should be disregarded. (*McMillan* v. *Reynolds*, 11 Cal. 379.)

3. It does not show that the postage was paid. The affiant's statement there was " a six-cent U. S. postage-stamp imprinted upon the envelope," inclosing " annexed Notice of Appeal," does not indicate whether that amount was sufficient to pay the postage on the same, nor does he state that the said stamps were uncanceled.

4. The affidavit of the mailing of the notice does not show that the notice of appeal mentioned in said affidavit was the notice of appeal in this cause, or to what cause it did refer.

5. The affidavit fails to state that, at the time of the mailing of the notice, the residence or place of business of the plaintiff's attorney was in the City and County of San Francisco, to which place he swore he had addressed the said notice on the eighth day of November, 1880, although the affiant says he "believes" that on the fifteenth day of November, 1880, the date on which the jurat is made to the said affidavit, that the place of business of plaintiff's attorney is in the said City and County of San Francisco ; but there is nothing in this affidavit of mailing notice that even pretends to show that the residence of plaintiff's attorney was in San Francisco at the date of mailing the notice. There is an interval of seven days between the time of mailing notice and the making of the affidavit that " affiant believes the place of business of plaintiff's attorney to be in San Francisco." It is wholly immaterial where plaintiff's attorney resided seven days after the mailing of the notice. Where did she reside or have her place of business on the eighth of November, 1880, the date of mailing of the notice ?     (*Moore* v. *Besse, supra.*)

6.. The affidavit contains no mention that there is a regular communication by mail between the place of business of the person giving notice and the person to whom the notice is given, as is positively required by the statute. (C. C. P., § 1012.)   Nor does it show that there is any communication by mail whatever, which renders the pretended service fatally defective, and must be so regarded. (*People* v. *Alameda T. P. Road Co.,* 30 Cal. 182.)   The affidavit of service is ineffectual, if not strictly in compliance with the statute. (*People* v. *Alameda R. Road Co.,* and cases cited, 30 id. 182; *Dall* v. *Smith,* 32 id. 475.)   "The appeal should show due service." (*Franklin* v. *Reiner,* 8 id. 341.)   "Unless it affirmatively ap-

pear in the record that a copy of the notice of appeal has been served upon the adverse party or his attorney, the Supreme Court cannot take jurisdiction of the case. (*Hildreth* v. *Gwindon*, 10 id. 490.)

*Frank H. Farrar* and *P. D. Wigginton*, contra.

The COURT:

The motion to dismiss the appeal in this case is sustained on the authority of *Reed* v. *Allison*, 10 P. C. L. J. 239, and cases cited therein.

Appeal dismissed.

---

[No. 7,166—In Bank.]
November 9, 1882.

## PIERRE PRIET ET AL. v. CHARLES HUBERT ET AL.

COUNTY WARRANT—DUPONT STREET COMMISSION.—Action brought under the fifteenth section of the Act to authorize the widening of Dupont Street in the City and County of San Francisco (Statutes 1875–6, p. 433). Hunter, one of the defendants, was the owner of a lot of land, and plaintiffs had a leasehold interest therein. The Dupont Street Commissioners assessed the damages to the lot at ten thousand nine hundred and thirty-two dollars in favor of Hunter, "and to all owners and claimants, known and unknown." A warrant (No. 92) was drawn on the Dupont Street Fund in favor of Hunter for the ten thousand nine hundred and thirty-two dollars, and was by him indorsed to one Tibbey, who was Secretary of the Board of Commissioners. Afterwards, the Board ascertaining that there was a lease of the lot, and a doubt or dispute about the value thereof and of the damages, drew another warrant (No. 114), the one in controversy, payable out of the same fund and for the same amount, and deposited it with the defendant Reynolds, as County Clerk, and notified the defendant Hubert, as Treasurer of the City and County, of the drawing and depositing thereof, and of the description of the lot of land covered by warrant 114. Afterwards Hubert, through a deputy, paid in full to Tibbey warrant No. 92. The Court below held the payment was to Hunter, received by his authorized agent, and was in full satisfaction of the award and of warrant No. 114, and denied relief as against the defendants Hubert, Treasurer, and Reynolds, County Clerk. In this Court, *Held:* If the finding, that warrant No. 92 was delivered to and left with Tibbey by defendant Hunter, "with power and authority from said Hunter to deliver the same to defendant Hubert, Treasurer, and collect and receive from him the amount expressed therein," means that there was an actual agreement between