[Department One.— May 30, 1883.]

JEREMIAH CALLAHAN ET AL., APPELLANTS, *v.*
CATHERINE HICKEY ET AL., RESPONDENTS.

PRACTICE—OVERRULING DEMURRER FOR WANT OF APPEARANCE—NOTICE MUST BE GIVEN.— Under rule 16 of the Superior Court of the city and county of San Francisco, when a demurrer to the complaint has been overruled for want of an appearance, notice of the ruling of the court must be given to the demurring party before the entry of a judgment.

APPEAL from an order vacating and setting aside a judgment.

The facts are sufficiently stated in the opinion of the court.

*Carroll Cook,* for Appellants.

The court had no power or jurisdiction to render the said order, for the proceeding had been ended, judgment rendered, and the execution returned satisfied at the time of its rendition, and the court exercising a limited and special jurisdiction in a summary proceeding under the statute could assume no powers not delegated to it by such statute. (Chap. 4, part 3, tit. 3, Code Civ. Proc.; *O'Connor* v. *Blake,* 29 Cal. 316; *Winter* v. *Fitzpatrick,* 35 Cal. 273; § 1169, Code Civ. Proc.)

If rule 16 could be construed so as to make the proceeding appear irregular, then the rule itself under such a construction would be void, as in conflict with the statute. (Code Civ. Proc. § 1169; *People* v. *McClellan,* 31 Cal. 101.)

*R. Percy Wright,* for Respondents.

We are unable to see how a rule of court giving five days' time to answer after the overruling of a demurrer can possibly be in conflict with section 1169 of the Code of Civil Procedure. That section applies only where the defendant *does not appear* and defend. In such case it is proper, as well in summary proceedings as in an action on contract, "to enter default and render judgment in favor of the plaintiff, as prayed in the complaint."

The defendants *had appeared* and *demurred,* and on the overruling of the demurrer they had, by virtue of the statute and the rule of court combined, a right to answer within five days after service of notice of the ruling of the court.

It is because the judgment was entered contrary to the rule of court, and the defendants were thereby deprived of any opportunity to answer, that the court ordered the judgment to be set aside.

PER CURIAM.— In the absence of defendant's counsel the court overruled a demurrer which had been interposed by the defendant to the plaintiff's complaint, without giving time to the defendant to answer. But there was a rule of the court which provided as follows: "Rule 16. When a demurrer to any pleading is sustained or overruled the adverse party shall have five days within which to amend or answer after receiving notice of the ruling of the court. When a demurrer to the complaint has been overruled for want of an appearance of the party demurring, or where, in the opinion of the court, the demurrer was frivolous or interposed for delay, leave will not be given to the party to answer such complaint, except upon condition that such party files and serves a verified answer, or an affidavit of merits, within five days, or such further time as may be allowed by the court or judge thereof."

Instead of giving the notice required by the rule, the plaintiff, immediately after the overruling of the demurrer, took judgment against the defendant, and had the same entered against him. The taking and entry of the judgment were in violation of the rule of the court, and the judgment was irregular, and being irregular, upon the showing made by the defendant, the court properly set it aside and allowed the defendant to answer the complaint.

Order affirmed.