## B. D. MURPHY, RESPONDENT, *v.* SANDY SUMNER, APPELLANT.

LIEU LANDS — SURVEY — PURCHASE BEFORE LANDS ARE LISTED — CONCLU-
SIVENESS OF SURVEY — RESURVEY. — The purchaser from the state of lieu
land, after a survey thereof had been made under the direction of, and
had been approved by, the United States surveyor-general, and after the
plat thereof had been filed in the United States land-office, but before
the land had been listed to the state, does not acquire a conclusive right
to the specific tract included in his certificate of purchase; and if the
survey be subsequently found erroneous, a correct resurvey may be
made so as to exclude from the section claimed by the state as lieu a
portion of the land included in the certificate of purchase.

ID. — ISSUANCE OF CERTIFICATE OF PURCHASE — PRESUMPTION OF LIST-
ING. — The issuance by the state of a certificate of purchase of lieu
lands does not create the presumption that the lands included therein
had been previously listed to the state.

ID. — EVIDENCE OF LISTING — CERTIFICATE OF REGISTER. — A certificate of
the register of the United States land-office, to the effect that certain
lands described therein had been previously listed to the state by the
Secretary of the Interior as lieu lands, is not evidence of that fact.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. Adams,* and *V. A. Gregg,* for Appellant.

The court erred in admitting in evidence the certificate of purchase of the plaintiff for the lands described in the complaint.   (*Grogan* v. *Knight,* 27 Cal. 515; *Terry* v. *Megerle,* 24 Cal. 609; 85 Am. Dec. 84; *Middleton* v. *Low,* 30 Cal. 596.)   The selection of the land by the state was not confirmed, nor did the title pass until the land had been certified over to the state by the commissioner of the general land-office, as required by section 2 of the act of July 23, 1886.   (14 U. S. Stats. at Large, 218; *Hodapp* v. *Sharp,* 40 Cal. 69; *Sutton* v. *Fassett,* 51 Cal. 12; *Huff* v. *Doyle.* 50 Cal. 16.)

*Graves, Turner & Graves,* for Respondent.

The correctness of the first survey, under which the plaintiff claims, cannot be questioned in this case. The plaintiff purchased and acquired vested rights with reference to it, and it is to be treated as correct. (*Chapman v. Polack,* 70 Cal. 487; 3 Opinions Attorney-General U. S. 431; *Lindsey v. Howes,* 4 Miller's Dec. 820; *Harkins v. Nelson,* 53 Cal. 316.) The first survey established the corners of the section, and the subsequent survey, changing the corners, cannot divest the plaintiff's title, or in any manner impair his rights. (*Widbur v. Washburn,* 47 Cal. 69; *Harkins v. Nelson,* 53 Cal. 316; *Rice v. Mc-Kune,* 63 Cal. 124.) The fact that the land was not listed to the state until 1875, five years after the issuance of the certificate of purchase to plaintiff, cuts no figure, because the act of the legislature of the state of California, entitled "An act for the relief of purchasers of state lands," approved March 27, 1872, validated every application to purchase land from the state, whether the land was owned by it or not at the time of the location or purchase. (*Rowell v. Perkins,* 56 Cal. 226; *Muller v. Carey,* 58 Cal. 538; *Yoakum v. Brower,* 52 Cal. 376; *Upham v. Hosking,* 62 Cal. 258; *Durand v. Martin,* 120 U. S. 367.) The certificate of purchase was and is *prima facie* evidence that the plaintiff is entitled to the land. (Code Civ. Proc., sec. 1925; *Laugenour v. Hennagin,* 59 Cal. 625; *Hodapp v. Sharp,* 40 Cal. 70.)

TEMPLE, J.—This is an action to recover seventy-seven acres of land, being lots 1, 2, and 3, section 18, township 30 south, range 14 east, Mount Diablo base and meridian. Plaintiff recovered judgment, and defendant appeals from the judgment, and from an order denying his motion for a new trial.

The land was twice surveyed under the direction of the United States surveyor-general for California, and each survey was duly approved by that officer, and the plat placed on file in the United States land-office.

The first survey was made and approved in 1868, and it was afterward found that the lines actually run on the ground did not accord with other surveys, and were incorrect. A second was therefore ordered, which was made and approved in 1880, and the plat thereof duly filed in the United States land-office in lieu of the first erroneous survey.

The plaintiff obtained from the state a certificate of purchase as lieu land, dated January 18, 1870, ten years before the new and correct survey was made. On the trial, plaintiff introduced his certificate of purchase, and proved the first survey and the approval of it, and that the plat was filed in the United States land-office. He also showed that, according to the lines actually run on the ground, the defendant's house is upon his land.

The defendant claims no part of section 18, but does claim the northwest quarter of section 17, in the same township, under a homestead entry, made after and according to the corrected survey and plat of 1880. On the trial, the defendant proved the second survey and his homestead entry, and that according to that survey he was not in possession of any portion of section 18.

The land thus in controversy consists of a strip about two hundred yards wide, on which are the defendant's improvements. Many exceptions were taken at the trial, which, under the view we take of the case, it is not necessary to notice.

It is not claimed that the defendant has intruded upon the actual possession of the plaintiff, or that plaintiff ever was in actual possession of the land. He relies upon strict title. It may be admitted that upon proof that the land had been surveyed and a certificate of purchase duly issued to him, he made a *prima facie* case.

The defendant then proved the corrected survey and a homestead entry, and that according to this last survey he is in possession only of the land included within his homestead entry. It is not claimed that the lands had

been actually listed to the state when the certificate of purchase was issued. The statute did not require the surveyor-general to ascertain that fact before issuing the certificate, and we know that at the time this certificate was issued, the practice was to issue such certificate before the lands had been listed over. That no such presumption arises from the fact of the issuance of the certificate seems to be held in *Hodapp* v. *Sharp,* 40 Cal. 69, a case upon which respondent relies.

Unless the plaintiff had acquired some rights under the first survey to a specific tract of land, we see no reason why a correct survey could not be made and substituted for the incorrect survey. Unless, therefore, the land had been listed to the state, prior to the second survey, the plaintiff cannot insist upon the first survey as decisive of the controversy, and it would follow that the evidence of the defendant overcame the *prima facie* case of the plaintiff, if it be conceded that the certificate of purchase did make a *prima facie* case.

To prove that the land described in the certificate of purchase had been listed to the state prior to 1880, the plaintiff offered the certificate of W. R. Wheaton, register of the United States land-office, showing that the lands had been listed to the state of California on March 2, 1875.

The offered evidence was objected to, on the ground that it is not evidence of any facts, and that there is no such certificate known to the law. The objection was overruled, and the defendant excepted, and in his statement on motion for a new trial, specifies the ruling as error. The point was not made in applicant's points, but was at the oral argument.

The certificate was as follows:—

"I, William. R. Wheaton, register, do hereby certify that lots 1, 2, and 3, section 18, township 30 south, range 14 east, Mount Diablo meridian, were approved to the state of California by honorable Secretary of Interior on March 2, 1875. Indemnity sections.

"WM. R. WHEATON, Register."

We are not cited to any statute which makes such a certificate evidence. If the secretary did so list the land to the state, the list transmitted to the register was on file in his office, and a copy might have been procured, but to give such a certificate is no part of the official duty of the register. There was no other evidence of this essential fact, and as the court erred in receiving this, a new trial must be ordered.

So ordered.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., McKINSTRY, J., PATERSON, J., and THORNTON, J., concurred.