[No. 11019.    Department One. — June 20, 1888.]

## ALBERT THOMPSON, RESPONDENT, v. J. B. BRANNAN ET AL., APPELLANTS.

FINDINGS. — If the findings substantially cover the issues, the fact that they are clumsily drawn, and show upon their face an ambiguity due to erroneous capitalization and punctuation, will not be ground for reversal of the judgment.

SERVICE BY MAIL. — Service by mail cannot be made by a deposit in the post-office in the place where the attorney on whom the service is to be made resides. Service at one's residence or office, to be effectual, must be made personally or constructively in the manner prescribed by subdivisions 1 and 2 of section 1011 of the Code of Civil Procedure.

ID. — COST BILL. — If the cost bill is improperly served by mail, there can be no recovery of costs.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing to strike out the memorandum of costs.

The fourth finding was as follows: "That by reason of the wrongful and unlawful entry and detention of said premises by defendants, the plaintiff was deprived to some extent of the use thereof, and of the value of the rents, issues, and profits thereof, and not otherwise. That by reason of the premises, plaintiff has been damaged and injured by the acts of the defendants as hereinbefore set forth. The loss of said rents, issues, and profits, in the sum of seventy-five dollars." The further facts are stated in the opinion of the court.

*N. A. Dorn, W. M. R. Parker, S. F. Geil*, and *H. V. More-house*, for Appellants.

*D. W. Burchard*, for Respondent.

PATERSON, J.—The complaint alleged that while the plaintiff was seised in fee and in the possession of the premises in controversy, defendants jointly and without right entered into possession thereof, and ousted and ejected plaintiff therefrom, and unlawfully withheld the possession thereof from plaintiff to his damage in the sum of three hundred dollars; and the answer denied that the defendants, or any of them, took possession or "ousted or ejected plaintiff therefrom or from any part thereof, or to his damage in any sum whatever." These allegations and denials made issues as to ouster and damages, and were so considered by the court. The findings of the court are clumsily drawn, but substantially cover the issues, and show upon their face that the ambiguity is due to erroneous capitalization and punctuation.

The judgment was entered July 7, 1884. A memorandum of costs was filed by plaintiff's attorney on July 11, 1884. An affidavit of service of the cost bill was made by one Dexter, in which he stated "that he received the memorandum of costs herein, verified by D. W. Burchard, counsel for plaintiff; that he filed it on the eleventh day of July, 1884, and took a copy thereof to serve on the defendant's counsel. He then placed a true copy of said memorandum of costs in an envelope, and duly stamped it and addressed it to N. A. Dorn, counsel for defendants, and took it personally to the postmaster of Salinas City post-office, and told said postmaster to put it then and there (handing it to him) in Mr. Dorn's box. That thereafter—the exact date affiant does not remember—this affiant asked the said Dorn if he had so received the said paper on said eleventh day of July, 1884, to which he, said Dorn, replied that he did so get it."

Under the decisions of this court we must hold that there was no service of the cost bill. The attorney for the plaintiff lived at San Francisco, and the attorney for the defendant at Salinas City. In *Reed* v. *Allison*, 61 Cal. 461, it is said: "But a deposit in a post-office in the county or place in which a party may be served by mail, as his residence or office, would not constitute service on him by mail, because a service on him at his residence or office in his own county, to be effectual, must be made personally or constructively in the manner prescribed by subdivisions 1 and 2 of section 1011 of the Code of Civil Procedure. . . . . Therefore, to constitute service by mail, the deposit in the post-office must be made in the post-office at the place where the attorney making the service resides or has his office. . . . . And the affidavit of service must show a strict compliance with the provisions of the statute, otherwise the evidence must be held insufficient to establish the fact of service." (See also *Cunningham* v. *Warnekey*, 61 Cal. 507; *Steele* v. *Supervisors of Merced County*, 62 Cal. 6; *Pacific M. L. I. Co.* v. *Shepardson, ante*, p. 376.) It is important that there should be a uniform rule in such cases, and we think that the decisions upon the question involved should be adhered to.

The cause is remanded, with directions to the court below to modify the judgment by striking out the words, "together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $97.75," and as so modified the judgment is affirmed.

McKINSTRY, J., and SEARLS, C. J., concurred.