[No. 11076.  In Bank. — September 28, 1888.]

## J. D. H. CHAMBERLIN, APPELLANT, v. COUNTY OF DEL NORTE, RESPONDENT.

DEFAULT — TIME TO ANSWER — NOTICE OF ORDER OVERRULING DEMURRER. — When a demurrer is overruled, and time to answer is given, if the notice of the decision required by section 476 of the Code of Civil Procedure is not given or waived, the time to answer does not run, and judgment by default cannot properly be entered.

ID. — ORDER SETTING ASIDE DEFAULT — NOTICE OF DECISION — RECORD ON APPEAL. — If notice of a decision on demurrer was given or waived, that fact, if relied on upon appeal from an order setting aside a judgment by default, must be made to appear in the record.

ID. — DISCRETION. — Applications to set aside defaults are addressed to the sound legal discretion of the trial court, and if granted, the orders are never disturbed by the appellate court, except in cases of gross abuse.

APPEAL from an order of the Superior Court of Del Norte County setting aside a judgment by default.

The facts are stated in the opinion.

*J. F. McGowan,* and *J. D. H. Chamberlin,* for Appellant.

*Attorney-General Marshall, L. F. Coburn,* and *L. F. Cooper,* for Respondent.

BELCHER, C. C. — This action was commenced on the twenty-fourth day of December, 1884, to recover the sum of five hundred dollars for legal services alleged to have been rendered by the plaintiff at the request of defendant, and a general demurrer was interposed to the complaint.

The demurrer was overruled on the fifteenth day of January, 1885, and the defendant was given twenty days from that date in which to file its answer. It does not appear from the record that any notice of this order overruling the demurrer was ever served upon the defendant. No answer was filed up to the fifth day of February, and on that day the clerk of the court entered a default and a judgment against the defendant for the amount prayed for in the complaint, with costs. On the

same day, on motion of the district attorney, an order was made by the court giving the defendant ten days from that date in which to prepare affidavits, and move to set aside the default and to vacate the judgment. Within the time allowed, the defendant, upon notice and affidavits, moved to have the default set aside and the judgment vacated, and on the eighteenth day of February the motion was heard and granted by the court, upon condition that defendant pay to plaintiff the sum of twenty-five dollars, and all of the costs which had then accrued.   From this order the plaintiff appealed.

1. Section 476 of the Code of Civil Procedure provides that "when a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order."   If the notice required by this section was not given or waived, the time to answer had not expired when the default was entered, and for that reason the motion should have been granted.   And if the notice was given or waived, the appellant should have made that fact to appear in the record.

2. Applications to set aside defaults are addressed to the sound legal discretion of the trial court, and if granted, the orders are never disturbed by this court, except in cases of gross abuse.   (*Roland* v. *Kreyenhagen*, 18 Cal. 455; *Howe* v. *Independence Co.*, 29 Cal. 73; *Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 20; *Cameron* v. *Carroll*, 67 Cal. 500.)

We see no clear abuse of discretion here.   The affidavit of merits was sufficient, and the other affidavits show at least plausible reasons why the answer was not filed within the time allowed.

We advise that the order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.