[No. 13638.   Department One. — November 20, 1890.]

## W. V. REINHART, APPELLANT, *v.* FELIPE LUGO ET AL., RESPONDENTS.

VACATING JUDGMENT BY DEFAULT — POWER OF COURT — DISCRETION — REVIEW ON APPEAL. — The supreme court will not interfere with the action of the trial court in making an order setting aside a default, and judgment thereon, and permitting the defaulting party to answer, where it appears to have been made upon an affidavit of merits, unless it affirmatively appears that the court was without jurisdiction to make the order, or abused its discretion in making it.

ID. — PROOF OF SERVICE OF SUMMONS — VOID CERTIFICATE OF DEPUTY SHERIFF. — The act and return of a deputy sheriff is a nullity, unless

done in the name and by the authority of the sheriff; and a certificate of the service of summons by a deputy sheriff, or one acting as such, is void as proof of such service, if signed by the deputy in his own name, and not sworn to, nor purporting to be an affidavit of service; and a judgment by default will be set aside upon motion, if rendered upon such proof of service.

ID. — JURISDICTION OF PERSON — VOID JUDGMENT. — If proof of service of summons is not made as required by law, the court acquires no jurisdiction of the persons of defendants, and has no authority to render judgment against them, and any judgment rendered without such proof is invalid and void, and may be set aside upon motion.

ID. — ENTRY OF DEFAULT — PROOF OF SERVICE — AUTHORITY OF CLERK — MINISTERIAL FUNCTIONS — CONDITION PRECEDENT. — The clerk of the trial court ·has no authority to enter a default of a defendant upon a void certificate of service of summons. The clerk in entering defaults exercises no judicial functions, but acts merely in a ministerial capacity, and unless he confines himself strictly within the statute, his acts can have no binding force. Before default can be regularly taken against a party, there must be positive and sufficient evidence in court of due service, and no substantial defect in that respect can be cured by subsequent knowledge of the fact.

ID. — SUPPLYING PROOF OF SERVICE — HEARING OF MOTION TO VACATE — RELATION. — Where a default and judgment are void, not because there was no service, but because there was, at the time of entering the same, no proof of service, the fact that, at the hearing of a motion to vacate the judgment, proof was made of the fact of service of summons at the time mentioned in the void certificate would not justify the court in refusing to vacate the judgment, although such proof might have been sufficient to have authorized the court, at any time after it was made, if the defendant had not answered, or had leave to answer, to enter a valid default and thereupon to proceed to a valid judgment; but it would not operate by relation to make that valid which when entered was void.

ID. — FINDING OF DUE SERVICE — VOID PROOF — JUDGMENT ROLL. — A finding of due service of summons is not conclusive proof of the fact of service, where the defendant has not answered, as against the evidence of service found in the judgment roll; and a default judgment, entered on a void certificate of service, is void, and is not validated by the fact that the findings recite the fact of due service, the summons with the accompanying proof of service being properly a part of the judgment roll.

ID. — VOID JUDGMENT — DIRECT ATTACK — LIMITATION OF MOTION TO VL.⸗ CATE. — A motion to vacate a judgment on the ground that it is void is not a collateral but a direct attack; and it seems that where the judgment is void upon the face of the record, it may be vacated upon motion after the lapse of a year.

ID. — REVERSAL OF FIRST JUDGMENT — VACATING SECOND JUDGMENT. — Where the first judgment, which was void as ·against a defaulting defendant, has been reversed upon appeal of defendants who appeared, and the reversal has operated to set aside the whole judgment, the judgment

thereafter rendered becomes the judgment by default, which is equally void with the first judgment, and may be vacated upon motion within one year from the date of its entry.

PARTITION — SEVERAL TRACTS — JUDGMENT — APPEAL — EFFECT OF REVERSAL AS TO ONE TRACT — DEFAULT. — A judgment for the partition of several tracts of land cannot be piecemeal as to any one tract, and the reversal of the judgment as to one tract, upon appeal of such of the defendants as have appeared, sets aside the whole judgment as to such tract as against a defendant against whom a judgment by default had been entered.

AMENDED PLEADING — SERVICE — OPENING DEFAULT. — The right to answer an amended pleading is one of which a party cannot be deprived, even after entry of default against him on the original pleading. The amendment of a pleading in matter of substance opens the default on the original pleading, and the amended pleading must be served upon a defaulting defendant.

ID. — AMENDMENT IN MATTER OF SUBSTANCE — PARTITION — NEW PARTIES. — In an action of partition, the bringing in of new parties, alleging that they have or claim an interest in the subject-matter of partition, is an amendment in matter of substance, requiring service of the amended complaint upon a defaulting defendant.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default, and judgment thereon, and permitting defendant to answer.

The facts are stated in the opinion of the court.

*Wicks & Ward*, for Appellant.

*Howard & Robarts, John D. Bicknell,* and *Finlayson & Finlayson*, for Respondents.

FOX, J. — This is an appeal from an order setting aside the default, and judgment thereon, entered against the defendant Antonio Maria Lugo, and permitting him to answer in the cause. This court will not interfere with the action of the court below in making such an order as that appealed from in this case, where, as here, it appears to have been made upon affidavit of merits, unless it affirmatively appears that the court was without jurisdiction to make, or abused its discretion in making, the order. The action was for partition of several parcels of land, designated, respectively, as A, B, C,

D, and E.  There were several defendants in the first
instance, and, by amendment subsequently made, sev-
eral others were brought in as defendants.  Respondent
Antonio Maria Lugo was one of the original defendants,
and plaintiff, in his complaint, which has never been
amended in that particular, avers that the respondent
claims some segregated interest in that portion of the
lands sought to be partitioned, and designated as tract
A, the exact nature and extent of which is not ac-
curately known to plaintiff; and in another and prior
portion of the complaint he alleges that he and the de-
fendants named, of whom the respondent is one, " hold
and are in possession, and are the owners and tenants
in common, as hereafter set out," of the several tracts of
land designated as above stated.  A certificate headed
" Office of the sheriff, Los Angeles County, California,"
and dated May 14, 1885, is indorsed upon the *alias* sum-
mons, reciting that the respondent was served, by de-
livering to him a true copy of said summons, at the
county of Los Angeles, on the 14th of April, 1885, and
is signed " M. G. Aguirre."  This is not made as, and
does not purport to be, an affidavit of service.  Aguirre
was not the sheriff of the county, and if he was deputy
sheriff, or acting as such, as is now claimed, the fact is
entirely immaterial.  As proof of service, the certificate
was and is void.  " The act and return of a deputy is a
nullity, unless done in the name and by the authority
of the sheriff."  (*Joyce* v. *Joyce,* 5 Cal. 449; *Rowley* v.
*Howard,* 23 Cal. 403.)  The certificate being a nullity,
it was as if no return or proof of service had been made.
There was therefore no authority to enter the default of
the defendant.  The clerk in entering defaults exercises
no judicial functions, but acts merely in a ministerial
capacity, and unless he confines himself strictly within
the statute, his acts can have no binding force.  (*Willson*
v. *Cleaveland,* 30 Cal. 198; citing *Stearns* v. *Aguirre,* 7
Cal. 443; *Kelly* v. *Van Austin,* 17 Cal. 564; *Glidden* v.

*Packard,* 28 Cal. 651.)   Before default can be regularly
taken against a party, there must be positive and suffi-
cient evidence in court of due service, and no substan-
tial defect in that respect can be cured by subsequent
knowledge of the fact.   (*Johnson* v. *Delbridge,* 35 Mich.
436.)   If proof of service of summons is not made as
required by law, the court acquires no jurisdiction of
the persons of defendants, and has no authority to ren-
der judgment against them.   Any judgment rendered is
therefore invalid and void.   (*Lyons* v. *Cunningham,* 66
Cal. 42, and cases there cited.)

The default of this respondent was entered by the
clerk June 17, 1885, upon no other proof of service than
that furnished by this certificate.   Subsequently the
complaint was amended, but it does not appear that the
amended complaint was ever served upon this respond-
ent.   Such service is required by section 472 of the Code
of Civil Procedure, and without it no judgment by
default could be entered against him.   " The right to
answer an amended pleading is one of which a party can-
not be deprived, even after entry of default against him
on the original pleading; for where a plaintiff amends
in matter of substance (and in an action of partition,
the bringing in of new parties alleging that they have or
claim an interest in the subject of partition is matter of
substance), he, in effect, opens the default on the original
pleading, and must serve his amended pleading upon
all the parties, including the defaulting defendant."
(*Thompson* v. *Johnson,* 60 Cal. 292.)   Findings were filed
and decree entered January 29, 1886.   In the findings, the
court recites the fact that certain defendants, among them
this respondent, had been duly served with summons, and
had not appeared, and their defaults had been duly and
regularly taken and entered.   Appellant claims that by
reason of this finding the judgment was not void, but, at
most, simply voidable, and that it cannot be attacked col-
laterally.   There would be some force in this argument if

a finding of due service was conclusive proof of the fact as against a defendant who had not answered; but under section 670 of the Code of Civil Procedure, such a finding is not conclusive as against the evidence required to be in, and when found in, the judgment roll. By reference to subdivision 1 of that section, it will be seen that if the complaint be not answered by any defendant, the summons, with the proof of service thereof, must be made a part of the judgment roll. If it be answered, then that fact is sufficient proof of service or of waiver. In this case, that which was claimed to be proof of service was made a part of the judgment roll, and comes up as such to this court. As we have seen, the proof is a nullity, and furnished no authority for entering the default of the defendant. It follows that the judgment entered thereon was invalid and void. (*Lyons* v. *Cunningham*, 66 Cal. 42.) Motion to vacate a judgment on the ground that it is void is not a collateral but a direct attack. (*People* v. *Mullan*, 65 Cal. 396; *People* v. *Greene*, 74 Cal. 400.)

But it is claimed that the court has no power to vacate a judgment so entered upon motion, after the lapse of one year. Even if this were true (but we do not concede that it is, where, as here, the judgment is void on the face of the record, and the authorities cited in support of the proposition do not sustain it), it would not help the appellant in this case; for an appeal was taken by the plaintiff from the judgment, which we have so far been considering, and the same was reversed, so far as affected the right of plaintiff to have partition of tracts A, D, and E, and affirmed in other respects. (*Reinhart* v. *Lugo*, 75 Cal. 639.) Tract A is the one in which the complaint admits that this respondent is, or claims to be to some extent, an owner, tenant in common, and in possession. When the judgment as to the plaintiff's rights to partition in this tract° was reversed, it vacated and set aside the whole judgment as to the tract, for a judgment in partition cannot be piecemeal; and as to

that tract, it was as if no judgment had been entered. The court below correctly so understood it, and when the case was tried again, again passed upon and determined the rights of all parties, including those of this respondent, in the tract. Again it acted, as before, upon the default of this respondent, evidenced and entered as before; and, as a consequence, its judgment, like the first, was, as against this respondent, "invalid and void." This judgment was entered February 12, 1889, and it was the only judgment standing against the respondent in the case, so far as related to tracts A, D, and E. Notice of motion to vacate it was given July 8, 1889, to be heard on the 15th of the same month, and was determined on the 16th of September, 1889; so that, even according to appellant's own theory, it was not too late.

But it is claimed that the court ought not to have vacated the judgment, because at the hearing appellant made proof of the fact of service of summons at the time mentioned in the certificate above referred to. That would not justify the court in refusing to vacate the judgment. The default and judgment were void, not because there was no service, but because there was, at the time of entering the same, no proof of service. This new proof might have been sufficient to have authorized the court, at any time after it was made, if the defendant had not answered, or had leave to answer, to enter a valid default, and thereupon to proceed to a valid judgment, but it would not operate, by relation, to make that valid which when entered was void.

In any view we take of the case, it does not appear that the court was without jurisdiction to make the order appealed from, and, there being a sufficient affidavit of merits, it does not appear that there was any abuse of discretion.

Order affirmed.

PATERSON, J., and WORKS, J., concurred.