[Civ. No. 215. Second Appellate District.—July 3, 1906.]

## A. S. KOYER, Respondent, v. CHARLES E. BENEDICT et al., Defendants; GERTRUDE STULL, Appellant.

FORECLOSURE OF MORTGAGE—APPEAL BY CONTESTING LIENHOLDER—SERVICE OF NOTICE—DEFAULTING MORTGAGORS NOT SERVED—DISMISSAL. Upon appeal from a judgment foreclosing a mortgage by a subsequent lienholder, who contested its validity, the defaulting mortgagors are adverse parties, who must be served with the notice of appeal, and upon failure to prove service thereof upon them, the appeal must be dismissed.

ID.—IMPROPER SERVICE BY MAIL—KNOWN RESIDENCE IN SAME CITY.— Where it appears that the appellant and the mortgagors reside in

the same city, a service of notice by mail upon them at their known place of residence therein is improper, and cannot sustain the appeal. In such case the service must be made at the known place of residence, as provided in subdivision 2 of section 1011 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Charles S. McKelvey, and Gertrude Stull, for Appellant.

Will A. Harris, and Harris & Harris, for Respondent.

GRAY, P. J.—This is an action upon a promissory note and to foreclose a mortgage given to secure said note. The mortgage and note were executed by Charles E. Benedict and his wife, Martha S. Benedict, to the plaintiff. Summons was duly served upon some thirteen defendants, and the defendants so served seem to have defaulted, except the defendant Gertrude Stull, who answered the complaint; and judgment having gone against her, she appeals from said judgment.

The plaintiffs moves to dismiss the appeal upon the ground that no proper service of the notice of appeal was made upon the Benedicts. The Benedicts are interested in the result of the appeal herein, for the reason that if the judgment should be reversed, and the contention of the appellant that the mortgage is null and void be sustained on a new trial of the case, the Benedicts might be left personally liable on the note, with nothing to be derived from a foreclosure sale to satisfy any part of that liability. They were, therefore, adverse parties, and it was necessary that the Benedicts should have been duly served with the notice of appeal. Pending the hearing of the motion to dismiss the appeal, appellant obtained leave of this court to file affidavits showing said service. These affidavits were subsequently filed and show that service of the notice was attempted to be made by mailing the same in Los Angeles, addressed to the Benedicts in Los Angeles, "at the corner of 20th and Barnard Park, . . . their said place of residence." It appears from this that the residence of the Benedicts was known to the parties making the

service; therefore, the service could not be made by mail, but should have been made "by leaving the notice or other paper at his residence, between the hours of eight in the morning and six in the evening, with some person of suitable age and discretion." (Code Civ. Proc., sec. 1011, subsec. 2.)

The affidavits fail to show that the parties "reside or have their offices in different places," so as to bring the case under section 1012 of the Code of Civil Procedure. On the contrary, the affidavits show that both parties reside in Los Angeles.

The affidavit of W. J. Ford, as we understand it, relates to a former attempted appeal which was not perfected and is not before us.

The appeal is dismissed.

Smith, J., and Allen, J., concurred.