[Civ. No. 6178. First Appellate District, Division One.—February 23, 1928.]

JAMES T. L. HARRIS et al., Appellants, v. MINNESOTA INVESTMENT COMPANY (a Corporation) et al., Defendants; SOUTHWEST MORTGAGE CORPORATION et al., Respondents.

Samuel Lackman and Wilson & Snow for Appellants.

Sheran & Alvord and Sheran, Alvord & Hearn for Respondents.

CAMPBELL, J., *pro tem.*—This is an appeal from an order vacating a judgment entered by default in favor of plaintiff and against defendant Southwest Mortgage Corporation in the sum of $4,950 and permitting defendant South-

west Mortgage Corporation and J. H. Scales to file their answer. There was also filed and submitted with the appeal on its merits a motion by Southwest Mortgage Corporation and J. H. Scales to dismiss the appeal.

The proceedings giving rise to this appeal were as follows: Plaintiffs filed an action against various defendants basally for moneys had and received for the use and benefit of plaintiffs in their capacity as administrators of the estate of Sarah J. Wright, deceased. Respondents demurred and the demurrer was heard and submitted on June 5, 1925. On June 9, 1925, an order overruling the demurrer was made, the order being silent as to defendants' right to answer, the minute order reciting: "Demurrer of certain defendants to complaint heretofore submitted on June 5, 1925, is now by the court overruled." On June 9, 1925, the same day on which the demurrer was overruled, the attorneys for the demurring defendants were notified by cards mailed by the clerk of the department in which the cause was pending that the demurrer had been overruled and a certificate to that effect was filed on June 23, 1925, by the clerk. On June 25, 1925, judgment by default was entered by the court against Southwest Mortgage Corporation. On June 27, 1925, an order to show cause was obtained and served upon counsel for plaintiffs requiring them to show cause why the default should not be vacated and the judgment by default set aside. This order was made returnable on July 2, 1925. On July 2d the matter was continued until July 9th, to permit the filing and service of motion to be relieved of the default under section 473 of the Code of Civil Procedure. Thereupon defendants Southwest Mortgage Corporation and J. H. Scales served and filed a notice of motion supported by the affidavits of John F. Sheran and J. H. Alvord and a copy of the verified answer proposed to be filed and which was based upon grounds prescribed in section 473 of the Code of Civil Procedure, viz., inadvertence and excusable neglect. The motion was noticed for hearing on July 9, 1925, the same day to which the order to show cause had been continued. Appellants claim that the continuance of the original motion was to enable counsel to procure proof that the clerk's notice was not received at the office of defendants' attorneys, but that defendants, without leave of

court first had and obtained and without the consent of plaintiffs' attorneys, preferred to file a new motion based on new matter. In passing upon the matter, however, the court made the following order: "Order of certain defendants to show cause in re-vacating default and judgment, *etc.*, came on for hearing, Wilson & Snow appearing as counsel for plaintiffs and Sheran & Alvord for defendants. Former motion above shown is ordered off calendar. Motion to vacate default and judgment *etc.* is granted."

Section 1014 of the Code of Civil Procedure provides: "After appearance a defendant, or his attorney, is entitled to notice of all subsequent proceedings of which notice is required to be given." Section 476 of the same code provides: "When a demurrer to any pleading is sustained or overruled and time to amend or answer is given the time so given runs from the service of notice of the decision or order," and rule XXII of the court rules of the superior court of the state of California, in and for Los Angeles County, makes the following provision: "When a demurrer to a complaint or cross-complaint shall be upon the law and motion calendar and no one shall appear in support of the same and the demurrer shall be overruled, or if in any case the court, in overruling a demurrer shall decide that the same is frivolous, the party demurring shall be given leave to answer upon such terms as may be just. In all other cases (which include the present case) upon the overruling of a demurrer to the complaint, the party demurring shall be allowed ten days in which to answer unless otherwise ordered by the court . . . "

Similar court rules have been upheld. In *Callahan* v. *Hickey*, 63 Cal. 437, the court says: "In the absence of the defendant's counsel, the court overruled a demurrer which had been interposed by the defendant to the plaintiff's complaint, without giving time to the defendant to answer. But there was a rule of the court which provided as follows: 'Rule 16. When the demurrer to any pleading is sustained or overruled the adverse party shall have five days within which to amend or answer after receiving notice of the ruling of the court.' . . . Instead of giving notice required by the rule, the plaintiff immediately after the overruling of the demurrer, took judgment against the defendant, and had

the same entered against him. The taking and entry of the judgment were in violation of the rule of the court, and the judgment was overruled, and being overruled, upon the showing made by the defendant, the court properly set it aside and allowed the defendant to answer the complaint. Order affirmed.''

Likewise, in the case of *Winchester* v. *Black*, 134 Cal. 125 [66 Pac. 197], the court made an order dismissing the demurrer for want of prosecution. There was in effect in that case a rule of court reading: ''When a demurrer to the pleading is overruled or sustained ten days after notice shall be allowed the adverse party to answer or amend unless upon some good cause shown further time is given.'' It appears further from the statement of facts that no notice of order for dismissing the demurrer was given the attorney for the defendant. In passing upon the facts as shown the court says: ''Under the rule of the court above quoted, the defendant was entitled to receive a notice of the order of dismissal of the demurrer before any default could be taken against her. It is not claimed that any notice was given, and although there are some statements in the affidavits on behalf of the plaintiff tending to show that the defendant's attorney was informed of the action of the court, they are insufficient to justify interference with the discretion exercised in setting aside the above.''

It follows, therefore, that defendants were entitled to notice of the court's order overruling their demurrer and that the time given by the court rules, ''ten days in which to answer . . . '' runs from the time of the service of notice of the order (sec. 476, Code Civ. Proc.), and if required notice was not given or waived and the time to answer had not expired when the default was entered, the motion to set it aside was properly granted (*Chamberlin* v. *County of Del Norte*, 77 Cal. 150 [19 Pac. 271]).

This brings us to the question as to whether or not the card mailed by the clerk of the court is such a notice as is required by the statute. Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone (21 Cal. Jur. 556; *McMahon* v. *Thomas*, 114 Cal. 588 [46 Pac. 732]; *Jansson*

v. *National Steamship Co.*, 34 Cal. App. 483 [168 Pac. 151]).

"To authorize the entry of a default against the defendant, jurisdiction must have been obtained either by proper service of process or by appearance. And since, in entering default the clerk exercises no judicial functions but acts in a purely ministerial capacity, he cannot properly make the entry unless the required proof of service has been made. Thus an entry on a void or insufficient certificate of service is improper" (14 Cal. Jur. 885; *Reinhart* v. *Lugo*, 86 Cal. 395 [21 Am. St. Rep. 52, 24 Pac. 1089]). So in a case of default for failure to answer after the overruling of a demurrer, the record should be made to show the giving of the required notice of the decision or order, and any entry of default before the giving of such notice, unless notice be waived, is improper (14 Cal. Jur. 886; *Chamberlin* v. *County of Del Norte, supra; Callahan* v. *Hickey, supra*). "Notice when required by a statute is not the equivalent of knowledge; it means the statutory instrumentality of knowledge—the formal process emanating from the source and served in the manner prescribed by statute" (21 Cal. Jur. 553; *In re Central Irr. Dist.*, 117 Cal. 382 [49 Pac. 354]; *Williams* v. *Bergin*, 108 Cal. 166 [41 Pac. 287]).

Where notices during the course of proceedings in court are required to be given, they must be signed by the attorney of record. As was said in *Jansson* v. *National Steamship Co., supra*, where plaintiff himself gave notice in writing: "Even assuming that such paper was intended to apprise defendant's counsel of the fact and date of the entry of judgment herein, it was wholly inoperative for that purpose. Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone (see, also, *McMahon* v. *Thomas, supra*.)

■ Sections 1011 to 1015 et seq. of the Code of Civil Procedure of California relate to the manner of giving notice. Reading of these sections indicates that the legislature intended that notices should be personally served, except in cases where that sort of service is impossible or greatly inconvenient. ■ Section 1011 is detailed and specific as

to the manner of giving notice to an attorney. It clearly indicates that every reasonable effort be exhausted to make a direct service upon the attorney or upon someone in his behalf, in person, before service by mail may be resorted to. It is only after unsuccessful attempts to serve the attorney in person or by leaving the paper to be served with someone of mature years, either at his office or his residence, have failed, that a notice to be served may be mailed to him at his office or residence. Even then the notice must be placed in a "sealed envelope." The only other circumstances under which service by mail may be made is that prescribed in section 1012 of the Code of Civil Procedure, which provides: "Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail." It is incumbent upon one serving notice by mail to show that the case is one in which such notice is permitted and that the mode pointed out by the statute has been followed (*Heinlen* v. *Heilbron*, 94 Cal. 636 [30 Pac. 8]).

The mailing of a card giving notice of trial, even though the residence of the attorneys would permit a notice by mail, has been held to be insufficient in *McMunn* v. *Lehrke*, 29 Cal. App. 298, 306 [155 Pac. 473], where the court uses this language: "The clerk stated in response to the inquiry of the court whether the defendant had been advised of the trial that he 'had dropped him a card stating that the case was set for the 28th, and that if he had an attorney to advise him of the matter.' This was not legal service of notice such as the law requires."

In *People* v. *Alameda Turnpike Road Co.*, 30 Cal. 182, the court says: "Where service is sought to be made by mail, it should appear that the conditions on which its validity depend have existence; otherwise, the evidence must be held insufficient to establish the facts of service," and in *Linforth* v. *White*, 129 Cal. 188 [61 Pac. 910], the court reiterates the rule in *People* v. *Alameda Turnpike Road Co., supra*, and in *Townsend* v. *Parker*, 21 Cal. App. 317 [131 Pac. 766], the court uses this language: "In that case, as in this, the attempted service was by mail, and the court held that an affidavit of service by mail of the notice of appeal

must show that the attorneys for the appellant, whose duty it is to make the service, and the attorneys for the respondent, upon whom it is to be served, reside in different places between which there is a regular communication by mail; and the affidavit of service by mail by a third person which fails to show the residence of the attorneys for the appellant is insufficient.'' Service by mail cannot be made by a deposit of the notice in the postoffice where the attorney on whom service is to be made resides. Service must be made personally or constructively in the manner prescribed by section 1011 of the Code of Civil Procedure (*Thompson* v. *Brannan,* 76 Cal. 618 [18 Pac. 783]; *Koyer* v. *Benedict,* 4 Cal. App. 48 [87 Pac. 231]; 21 Cal. Jur. 564).

In the present case, even if the clerk of the department of the court in which the action was pending had authority to serve the notice in question, the record does not show that in doing so the statute was complied with. ▇ Proof of service of notice should be made by affidavit, unless a certificate of service is made by an officer authorized to serve the notice and certify as to such service. Unless a certificate is made by statute sufficient proof of the fact of service, it has no standing as proof (*Murphy* v. *Sumner,* 74 Cal. 316 [16 Pac. 3]; *Reinhart* v. *Lugo,* 86 Cal. 395 [21 Am. St. Rep. 52, 24 Pac. 1089]; *Glidden* v. *Packard,* 28 Cal. 651; *Kelly* v. *Van Austin,* 17 Cal. 564; *Stearns* v. *Aguirre,* 7 Cal. 443). In *Reinhart* v. *Lugo, supra,* the court says: ''This is not made as, and does not purport to be, an affidavit of service. Aguirre was not the sheriff of the county, and if he was deputy sheriff, or acting as such, as is now claimed, the fact is entirely immaterial. As proof of service the certificate was and is void.'' And in this case the court further says: ''The certificate being a nullity it was as if no return or proof of service had been made. There was therefore no authority to enter the default of the defendant. The clerk in entering the default exercises no judicial functions but acts merely in a ministerial capacity, and unless he confines himself strictly within the statute, his acts can have no binding force.''

▇ Independent of statutory provisions the court has power on its own motion to correct mistakes in its proceedings, and to annul within a reasonable time orders and judg-

ments inadvertently made (*Robson* v. *Superior Court*, 171 Cal. 588 [154 Pac. 8]; *People* v. *Curtis*, 113 Cal. 68 [45 Pac. 180]). Rulings and even judgments inadvertently made are not the result of judgment but of oversight, neglect or accident and are subject to correction by the court making them (*Wiggin* v. *Superior Court*, 68 Cal. 398 [9 Pac. 646]; *Stewart* v. *Taylor*, 68 Cal. 5 [8 Pac. 605]). A judgment taken immediately after overruling a demurrer and in violation of a rule requiring notice and time to answer is irregular and is properly vacated on that ground (*Callahan* v. *Hickey, supra*).

We have examined the cases relied upon by appellants to support their contention that the mailing of the card by the clerk of the department of the court in which the action was pending was a sufficient notice of the action of the court upon the demurrer. In none of those cases are the facts analogous to the facts in the present case, nor are they inconsistent with the views here expressed. In none was service attempted to be made by mailing a card. In all of them the condition as to residence of the parties serving and to be served justified the use of the mails and a substituted service thereby.

While the court had power on its own motion to correct the order here as it was prematurely made, it may further be said that the court did not abuse its discretion in setting aside the default upon the showing made on the ground of inadvertence and excusable neglect under section 473 of the Code of Civil Procedure.

Having disposed of the appeal on its merits, it becomes unnecessary to pass upon the points urged on the motion to dismiss. The trial court having made its order setting aside the default and permitting respondents to answer, an affirmance of that order permits the answer to be filed, and as the same result would obtain should the appeal be dismissed, it would serve no useful purpose to take up the numerous points urged on the motion to dismiss and discuss them.

The order appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.