EX PARTE MARÍA BITHORN DE BENÍTEZ, ETC., Appellant; JOSÉ MANUEL BENÍTEZ, Appellee.

No. 7775.   Argued July 11, 1938.—Decided July 20, 1938.

*González Fagundo & González, Jr.,* for appellant.   *Miguel A. Muñoz* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

On the 29th of last April the District Court of Humacao made an order for the closing of the judicial administration in the present case and granted the administratrix thirty days for the rendition of her final account. From this order the administratrix took the present appeal, the dismissal of which is sought by the appellee on the following grounds:

1. That, as appears from the notice of appeal, the order appealed from was notified to the judicial administratrix on May 9 and it was not until the 24th of the same month that the appellee was served by mail with notice of the appeal, for which reason the appellee claims that he was notified of the appeal after the expiration of the statutory period.

2. That the copy of the notice of appeal received by the appellee was not sent by registered mail.

3. That the service of the notice of appeal has not been proved by means of an affidavit.

In opposition to the appellee's motion the appellant filed a paper writing in the form of a memorandum, setting forth the legal grounds on which she relies for a denial of the motion to dismiss, and F. González Fagundo, one of the attorneys for the appellant, separately filed an affidavit to the effect that on May 18 he deposited a copy of the notice of appeal in the post office of Humacao in a sealed envelope, with the proper postage thereon and addressed to Miguel A. Muñoz, attorney for the appellee, in the city of San Juan.

No mention is made in the motion to dismiss of the date of the mailing by the appellant of the notice of appeal. The appellant, however, states upon the uncontroverted oath of her Attorney, F. González Fagundo, Esq., that she mailed the said notice on the 18th, that is, nine days from the service on her of notice of the order appealed from. Section 322 of the Code of Civil Procedure and the decisions construing the same, in *American Colonial Bank* v. *Ramos,* 33 P.R.R. 851; *Serra* v. *Municipal Court,* 49 P.R.R. 528, and other

decisions to the same effect, definitely uphold the rule that in substituted or constructive service, the same is regarded as complete when the document has been deposited in the mail and not when received by the addressee. As the order was notified to the appellant on May 9, and a copy of the notice of appeal was deposited in the mail on the 18th of the same month, it is evident that notice of the appeal was properly served on the appellee within nine days. Therefore, irrespective of the nature of the order appealed from, it must be concluded that notice of appeal was timely served. Section 295 of the Code of Civil Procedure.

■ The appellee complains that the copy of the notice of appeal was not sent to him by registered mail. This is not denied by the appellant in her affidavit, but that requisite was not necessary in the case at bar. The Code of Civil Procedure only requires that the service of documents be made by registered mail in the case provided for in subdivision 2 of section 320 of said code, that is, *if the service is made upon the party and his residence be not known.* In all other cases the service may be made by ordinary mail, although we recommend as the better practice to make the service by registered mail, since in this way the paper will reach the addressee with greater certainty. See *Serra* v. *Municipal Court, supra,* and sections 321 and 322 of the Code of Civil Procedure.

■ Service of process must appear in an authentic manner. In the case of an officer authorized to serve the notice his certificate is sufficient proof of the service. In all other cases proof of service of notice should be made by affidavit of the person serving the notice. *Murphy* v. *Sumner,* 74 Cal. 316; *Reinhardt* v. *Lugo,* 86 Cal. 395; *Harris* v. *Minnesota Inv. Co.,* 265 Pac. (Cal.) 306.

Attorneys have no authority under our statutes to make proof of service by means of their own certificates. On the contrary, it is provided by Supreme Court Rule 75 that in any case where service of papers or motions is made on the

opposite party, proof of such service, when not otherwise provided by law, shall be made by affidavit of the person serving the same. See *Serra* v. *Municipal Court, supra.* Therefore, the appellee is right in maintaining that the appellant's attorneys failed to prove the service of papers by means of an affidavit, and the certificate issued by them to that effect is invalid. However, the jurisdiction of this court does not depend on the proof of service, but on the actual fact of such service having been made within the time and in the manner provided by law. 21 Cal. Jur. 575, section 88. For this reason, where there is no proper showing in the record with respect to the proof of service, the court may in its discretion grant a reasonable time to make such proof in legal form. *Perri* v. *Beaumont,* 88 Cal. 108. In the case of *Serra* v. *Municipal Court,* already cited, this court in granting the appellant leave to make proof of service of the notice of appeal, said:

"The appellant, however, asks leave to make the missing oath. On various occasions we have permitted original applications lacking the necessary oaths to be made in open court. Likewise we have permitted the acquisition of jurisdiction by a municipal court to be shown by proof aliunde. That such proof may be made in a situation somewhat similar is the result of our decision in *Berio* v. *Santiago,* 41 P.R.R. 88. We find no reason for distinguishing this case on principle."

In the case at bar we have already noticed the admission by the appellee that he was served with a copy of the notice of the appeal, although, as he claims, after the expiration of the term. There also appears attached to the record the affidavit subsequently filed by Attorney F. González Fagundo, which substantially complies with the legal requisites. Therefore, it becomes unnecessary to file an additional affidavit, and on the authority of the cases of *Perri* v. *Beaumont,* and *Serra* v. *Municipal Court, supra,* the motion to dismiss must be denied.