[S. F. No. 1398. Department One.—July 18, 1900.]

WALTER H. LINFORTH, Appellant, v. GEORGE E. WHITE et al., Defendants. JAMES M. COSTIGAN, Respondent.

APPEAL—DISMISSAL—SERVICE OF NOTICE—INSUFFICIENT AFFIDAVIT.—An affidavit of service of the notice of appeal must show a strict compliance with the provisions of the statute; otherwise it is insufficient to establish the fact of service; and, in the absence of sufficient proof of the fact of service of the notice, the appeal must be dismissed.

ID.—INSUFFICIENT PROOF OF SERVICE BY MAIL—RESIDENCE OF ATTORNEYS. An affidavit of service by mail of the notice of appeal must show that the attorneys for the appellant, whose duty it is to make the service, and the attorneys for the respondent, upon whom it is to be served, reside in different places, between which there is a regular communication by mail; and an affidavit of service by mail made by a third person, which fails to show the residence of the attorneys for the appellant, is insufficient.

MOTION to dismiss an appeal from an order of the Superior Court of Mendocino County setting aside portion of a sale made under a decree of foreclosure. J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

J. Q. White, and George A. Sturtevant, for Appellant.

Seawell & Pemberton, and Barclay Henley, for Respondent.

THE COURT.—Respondent insists that the appeal in this case should be dismissed on the ground that there was no service of the notice of appeal.

The appeal is taken from an order made by the superior court of Mendocino county, September 21, 1897, setting aside so much of a sale under a decree of foreclosure and sale as embraced the land included in the mortgage of Costigan and not included in the mortgage belonging to Linforth, on the ground that said sale as to such portion was grossly inadequate in price, and was made without the knowledge of Costigan or his attorneys, and without any notice to either. At the hearing of the motion in which said order was entered Costigan, the moving party, was represented by Messrs. Seawell & Pemberton and Barclay Henley as his attorneys, and Linforth, the plaintiff in said action and purchaser at the said sale, was represented by J. Q. White and George A. Sturtevant as his attorneys. Linforth as appellant, and Costigan as respondent, are the parties to this appeal, and have appeared by the same attorneys who represented them in the court below at the hearing of the motion—wherein the order appealed from was entered. The only proof of the attempted service on the respondent of the notice of appeal herein is contained in the following affidavit:

"[Title of Court and Cause.]

"State of California,          } ss.
"City and County of San Francisco. }

"Lewis W. Martin, having been duly sworn, says: That at all the times hereinafter mentioned I was a white male citizen and resident of the city and county of San Francisco, state of California, over the age of twenty-one years, not a party to or interested in the above-entitled action, and competent to be a witness upon the hearing of any proceeding therein.

"That at the city and county of San Francisco, state of California, on the twentieth day of November, 1897, I personally served the notice of appeal of Walter H. Linforth, as plaintiff,

and Walter H. Linforth, as purchaser, from the order made and entered in said action on the twenty-first day of September, 1897, granting the motion of the defendant Costigan to set aside the sale made by the sheriff on the sixth day of March, 1897, and setting aside said sale, upon Messrs. Seawell & Pemberton, attorneys for the defendant James M. Costigan, by personally depositing in the general postoffice of the United States at San Francisco, California, on said twentieth day of November, 1897, a true and correct copy of said notice of appeal. That said notice of appeal was inclosed in an envelope, with the postage thereon fully prepaid, and said envelope plainly addressed to Messrs. Seawell & Pemberton, attorneys at law, Ukiah, Mendocino county, California, and that at said time the office and residences of said Seawell & Pemberton were at the said town of Ukiah, county and state aforesaid, and that at said time there was a direct and daily communication by mail between the said San Francisco, California, and the said town of Ukiah."

There is nothing in the affidavit showing any connection between affiant and appellant, or the attorneys of the appellant, or for whom, or by whose authority he mailed the letter mentioned in the affidavit.

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney." (Code Civ. Proc., sec. 940.) Personal service of notice is made as directed in the Code of Civil Procedure, section 1011. Substituted service is made as directed in the sections following. "Service by mail may be made where the person making the service and the person on whom it is to be made reside or have their offices in different places, between which there is a regular communication by mail." "In case of service by mail the notice or other paper must be deposited in the postoffice addressed to the person on whom it is to be served at his office or place of residence, and the postage paid." (Code Civ. Proc., secs. 1012, 1013.) In this case the respondent, Costigan, had appeared by attorneys, and in such case the notice was required to be served on them. (Code Civ. Proc., sec. 1015.) The affidavit states that the respondent's attor-

neys, to whom the notice was mailed, resided in Ukiah, Mendocino county. And it does not appear but that appellant and his attorneys also resided there, where the case was tried and the order complained of made and entered; in fact there is nothing to show where appellant or his attorneys resided. Service by mail is good only where the person making the service and the person on whom it is to be made reside in different places, between which there is regular mail communication; and the affidavit of service must show a strict compliance with these provisions of the statute, or otherwise the evidence is insufficient to establish the fact of service.

In *People v. Alameda etc. Co.*, 30 Cal. 182, it is said that the New York statute regulating the mode of serving notice and papers is the same as our practice, and that "the courts of that state have uniformly held that a party relying upon a service by mail, or otherwise than by actual service on the proper person, must show a strict compliance with the requirements of the statute." (Citing a number of cases from that state.)

In *Moore v. Besse*, 35 Cal. 184, the affidavit of service was made by a third party instead of the attorney for the appellant, as here, who mailed the notice at Santa Cruz, directed to respondent's attorney at San Francisco, and the court say that the appellant's attorney, and not the party who mailed the notice, is "the person making the service," and that the fact that he, the attorney, resided there should have been shown by affidavit, under the rule that a party relying upon a substituted service must show a strict compliance with the requirements of the statute. (See, also, *Cunningham v. Warnekey*, 61 Cal. 507.)

The appeal must be dismissed, and it is so ordered.