[Civ. No. 1529.   Third Appellate District.—May 23, 1916.]

## EAST SIDE CANAL AND IRRIGATION COMPANY, Petitioner, v. SUPERIOR COURT. OF THE COUNTY OF MERCED et al., Respondents.

COSTS—ORDER DENYING MOTION TO TAX—INSUFFICIENT NOTICE OF ORDER—SETTLEMENT OF BILL OF EXCEPTIONS ON APPEAL—MANDAMUS. Where a motion to tax costs is made, a hearing had thereon and the matter submitted to the court for its decision, and an order is thereafter made denying the motion, the moving party is entitled to written notice of such decision, and a letter mailed by counsel of the successful party to counsel for the opposing party after the decision of the motion which makes no reference to the decision, but merely demands payment of the amount of such costs, is not a sufficient notice of such decision, and the trial court is not justified in refusing to settle the bill of exceptions proposed to be used upon appeal from the order denying the motion upon the ground that the bill was not presented within the statutory time after receipt of such letter, and *mandamus* will lie to compel such settlement.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to compel the settlement of a bill of exceptions to be used on an appeal from an order denying a motion to tax costs.

The facts are stated in the opinion of the court.

James F. Peck, and L. Sidenberg, for Petitioner.

Edward F. Treadwell, for Respondents.

CHIPMAN, P. J.—Application for writ of mandate to compel the settlement of a bill of exceptions by the judge of the superior court of Merced County, said bill of exceptions to be used on an appeal from an order of said court denying the motion of petitioner to tax the costs on appeal in the action entitled *Thomas C. Turner, as Administrator, etc., et al.,* Plaintiffs, v. *East Side Canal & Irrigation Company,* Defendant.

It appears from the petition that in the trial of said action judgment passed for defendant and plaintiffs appealed. The

judgment was reversed by the supreme court and *remittitur* was filed with the clerk of said superior court on July 31, 1914. It is alleged in the petition that appellant in said appeal served upon petitioner a memorandum of costs on October (?) 24, 1914, "and filed the same with the clerk of said court on the 26th day of August, 1914," a copy of which said memorandum is made part of the petition as Exhibit "A"; that, on August 27, 1914, petitioner served upon plaintiffs in said action and, on August 28, 1914, filed with the said court a motion and notice of motion to tax costs on said appeal, a copy of which is made part of the petition attached to Exhibit "A," and also filed therewith the affidavit of James F. Peck (petitioner's attorney); that said motion came on to be heard on January 26, 1915, at which time the affidavit of Edward F. Treadwell (attorney for respondents) was filed, both said affidavits being made part of said petition; that, on April 5, 1915, the said court made an order denying said motion to tax costs, also made part of the petitioner's Exhibit "A"; that no notice of said order was served on petitioner or its attorney, and petitioner and its attorney had no knowledge of the making of said order until July 12, 1915; that, on July 17, 1915, petitioner (defendant in said action) served upon plaintiffs therein a bill of exceptions which is made part of the petition as Exhibit "A," "and no amendments were proposed to said bill of exceptions and the same was returned to and received by the clerk of the court for settlement on the 29th day of July, 1915"; said bill of exceptions bears the indorsement of service upon plaintiffs' attorneys, July 17, 1915; that said bill of exceptions came on to be heard September 1, 1915; that affidavits of said Treadwell and said Peck were read to the court and were made part of the petition; that thereupon plaintiffs' attorney objected to any settlement of said bill of exceptions and the matter was submitted to the court to settle the said bill if said objections were overruled; that, on January 31, 1916, "the court refused and denied and ever since has refused and denied the right of petitioner herein to have said bill of exceptions settled"; that no notice was ever served by plaintiffs on defendant of the said order of said court of April 5, 1915, denying said motion to tax costs.

Mr. Treadwell made affidavit that no bill of exceptions to said order of April 5, 1915, was ever served on counsel for

plaintiffs until July 17, 1915; that, after the making of said order and on May 26, 1915, affiant inclosed in an envelope postage prepaid and directed to Mr. James F. Peck, Crocker building, San Francisco, and deposited the same in the postoffice of said city, the following notice:

"May 26, 1915.

"Mr. James F. Peck, Crocker Building, San Francisco, Cal.

"Dear Sir: The costs on plaintiff's appeal, as taxed by the court, in the case of Turner vs. East Side Canal & Irrigation Company amount to nine hundred and sixty-three dollars and ten cents ($963.10). Will you kindly have your client send a check for the same at once.

"Yours truly,

"EDWARD F. TREADWELL."

Mr. Peck made affidavit that, on May 27, 1915, "he had a conversation by telephone with P. J. Thornton, the county clerk of Merced County and *ex-officio* clerk of the superior court of Merced County. That in said conversation the affiant inquired of said clerk as to whether or not the said court made any decision or determination of the motion, theretofore submitted to said court, to tax costs of the plaintiff on appeal in the above-entitled case; that the said clerk then informed affiant that no decision or order had been made by said court on said motion or the subject thereof, whereupon affiant requested the clerk to carefully examine the records for the purpose of ascertaining the facts, and the clerk said he would do so, and the clerk thereafter on said day stated over the telephone that no order or decision had been made by said court on said motion to tax costs." It is then stated that, within ten days before service of said proposed bill of exceptions (which was on July 15, 1915), affiant was informed by letter written by said clerk informing affiant of the fact of the court's order and decision "on said motion to tax costs," and reciting the fact of the mistake of said clerk. "And affiant never had any knowledge of any order or decision upon said motion, and at all times herein mentioned, the said Edward F. Treadwell, attorney for plaintiffs, had his law office in the city and county of San Francisco."

It thus appears that the cost bill was duly served and filed, objections thereto made on motion to tax costs, a hearing

had thereon and the matter submitted to the court for decision. Thereafter, to wit, on April 5, 1915, the court made its order denying said motion to tax costs. On May 26, 1915, Mr. Treadwell, attorney for plaintiffs in said action, mailed to Mr. Peck, defendants' attorney therein, the letter above set forth. The next day, May 27, 1915, Mr. Peck called up the clerk of the court to ascertain whether the court had made any order in the matter of the cost bill, as we have above set forth, and was informed that no order had been made. Nothing further occurred in the matter until ''within ten days before service of said proposed bill of exceptions'' (which was on July 15, 1915), when Mr. Peck was informed by letter written by said clerk that the latter had made a mistake and informing Mr. Peck of the fact of the court's order and decision ''on said motion to tax costs.'' Upon this state of facts the bill of exceptions was presented to the court for settlement and denied, and the writ of mandate is sought to compel the court to settle said bill of exceptions.

In explanation of its action the court said: ''In order that you may know my reasons for ruling in the matter of the settlement of a bill of exceptions in the case of *Turner* v. *East Side Canal Co. etc.*, I will simply state that I acted upon the authority of the case of *Heinlen* v. *Heilbron,* 94 Cal. 636, [30 Pac. 8]. The affidavit states positively that the office of defendants' attorney was at the place to which the notice was directed—Crocker building, etc. This constitutes personal service where its receipt is not denied and every opportunity given to make denial.''

We think there can be no doubt of the receipt of Mr. Treadwell's letter by Mr. Peck. It was deposited in the postoffice at San Francisco on May 26, 1915, directed to Mr. Peck in the building where he had his office, the postage prepaid, and on the next day Mr. Peck called up the clerk to learn whether an order had been made on the motion to tax costs. In his affidavit he does not deny its receipt.

The question then is—Was the letter of Mr. Treadwell sufficient to impart legal notice to Mr. Peck that the court had made the order of April 5, 1915?

Section 649 of the Code of Civil Procedure provides as follows: ''A bill containing the exception to any decision may be presented to the court or judge, for settlement at any time after the decision is made, but the same must be pre-

sented within ten days after written notice of making such decision," etc.   Section 1012 of the same code provides that "Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail," and section 1015 of the Code of Civil Procedure provides that ". . . in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except," etc.

"Service by mail is good only where the person making the service and the person on whom it is made reside in different places, between which there is regular mail communication." (*Linforth* v. *White,* 129 Cal. 188, 191, [61 Pac. 910] ; *Thompson* v. *Brannan,* 76 Cal. 618, [18 Pac. 783] ; *Pacific Mut. Life Ins. Co.* v. *Shepardson,* 76 Cal. 376, [18 Pac. 398].)

Section 1011 of the Code of Civil Procedure, however, provides that "The service may be personal, by delivery to the party or attorney on whom service is required to be made . . . ," and points out how the service is to be made if upon an attorney and also if upon a party.   It was said, in *Heinlen* v. *Heilbron,* 94 Cal. 636, 640, [30 Pac. 8] : "The 'delivery' which constitutes a personal service under section 1011 need not be made by the individual who is attempting to make the service, but can be effected through a clerk or messenger, and through any agency by which a 'delivery' can be made, and when the notice is so delivered, the service becomes a personal service."   In this case the notice was a notice of appeal, which was attempted to be served through the mail, and there was controversy as to whether the package was directed to the place of residence of respondent's attorney, a question the court seems not to have regarded as important.   It appeared from the affidavit of respondent's attorney that he received a copy of the notice of appeal at his office and residence in San Jose, through the agency of the postoffice and this, said the court "is equivalent to an admission of service indorsed by him upon the original notice, and establishes that there had been a personal service upon him of such notice, and that the court has thereby obtained jurisdiction of the appeal."   It was said further that "jurisdiction, however, as has frequently been held, does not depend

upon the proof of service, but upon the fact that service has been made." (Citing *In re Newman's Estate*, 75 Cal. 213, 220, [7 Am. St. Rep. 146, 16 Pac. 887]; *Sichler* v. *Look*, 93 Cal. 600, [29 Pac. 220].) In *Shearman* v. *Jorgensen*, 106 Cal. 483, [39 Pac. 863], it was held that the receipt of a notice served by mail "amounts to a personal service." We think it must be held that Mr. Treadwell's letter was delivered to Mr. Peck, but there still remains the important question whether the letter constituted such notice of the order of April 5, 1915, as is contemplated by the statute.

Petitioner's view of the matter is thus expressed: "We claim that had the letter been actually personally delivered it would not have answered the statute as to notice because of its form. The letter was a demand for payment, and inferentially referred to an order. It did not expressly state that an order, denying the motion to tax costs, had been made by the court, nor did it give any date as to when the costs were taxed. It was not addressed to any person in a representative capacity, as attorney, nor was the same signed by any person as attorney. In itself it did not, nor was it intended to, convey notice. That was not its purpose. It was not entitled in any case or any court, nor was it filed among the records of the case. In passing upon the legal value of this dunning letter as a purported notice, the function of a notice in such a case must be considered. It is not primarily to inform a party of the fact that a certain order was made, but to notify him that his time, within which to perform a certain act, has begun to run, and it should show clearly and explicitly on its face that its purpose was to start the tolling. The statute providing for written notices, as in this case provided, is the equivalent of a stipulation that the party to be charged with the performance of an act may perform such act any time prior to and within ten days after service of the statutory formal notice."

We think there is much force in the views thus expressed. It was said, in *Mallory* v. *See*, 129 Cal. 356, 359, [61 Pac. 1123], speaking of section 659 of the Code of Civil Procedure: "Written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files, or minutes of the court; and it follows that actual notice or knowledge, other than by written notice, is insufficient in any case

unless it appears, from facts thus evidenced, that written notice was waived." (*Hughes Mfg. etc. Co.* v. *Elliott,* 167 Cal. 494, [140 Pac. 17].) In *Byrne* v. *Hudson,* 127 Cal. 254, 257, [59 Pac. 597], the judgment provided that the plaintiff should pay the money within twenty days "after written notice" of the entry of the judgment. The court said: "We think, therefore, that as appellant's right in the premises depended upon the commencement of the running of a certain period of time mentioned in the judgment, and as her title was to be forfeited unless a certain act was done within that period of time, she was entitled to a notice expressly intended for the purpose of starting the period of time mentioned in the judgment, and that a mere incidental recital in a notice of a motion for a new trial, given for an entirely different purpose, was not a sufficient compliance with the terms of the judgment." The statute is no less imperative than a judgment using like terms, and if we substitute the statute for the judgment the rule above stated meets this case. It certainly is open to doubt whether Mr. Treadwell intended his letter to be understood by Mr. Peck as the statutory notice that on a certain day the court made a certain order in a certain case. The writer seems rather to have assumed knowledge of the fact by Mr. Peck, and on that assumption called upon him for payment. If there is doubt as to the intention of the writer, or as to the legal effect of his language, it should be resolved against him. That Mr. Peck was not satisfied as to the meaning of the letter is shown by his calling up the clerk of the court for confirmation on this doubtful matter, and he was informed by the clerk that no such order had been made. We think he was justified in waiting until he had explicit notice, such as the statute requires, before presenting his bill of exceptions. The cost bill amounted to $963.10. It may be invulnerable, but we think it much better that the objections to it be given a hearing on the merits than to sanction a practice which, in our opinion, would be an infraction of the spirit and letter of the statute.

It appears from the petition that defendant in the action, petitioner here, has duly perfected its appeal to this court from said order, and said bill of exceptions was presented as part of the record on said appeal. The order of April 5, 1915, is not an appealable order.

We think petitioner is entitled to the peremptory writ commanding respondent, the judge of the superior court of Merced County, to settle said bill of exceptions, and it is so ordered.

Hart, J., and Ellison, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 22, 1916.