TECON CORPORATION, Plaintiff, Appellee, and Appellant, v. SECRETARY OF THE TREASURY, Defendant, Appellant, and Appellee.

No. 12287. Decided December 18, 1961.

*James R. Beverley* and *Carmen B. Hernández* for plaintiff-appellant. *J. B. Fernández Badillo, Secretary of Justice, Arturo Estrella* and *Carlos G. Latimer, Assistant Secretaries of Justice,* for defendant-appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

During the years 1952 and 1953, Tecon Corporation introduced into Puerto Rico machinery, tools, house trailers and equipment and parts and accessories for the same to be used in the work being carried on by it in Ramey Air Base in Aguadilla. After having paid the sum of $37,345.38 for

excise taxes, it requested the refund of the same from the Secretary of the Treasury,[1] but the only refund granted was in the sum of $526.63.

The taxpayer appealed to the Superior Court and after a hearing on the merits the said court rendered judgment granting the complaint as to the compressors propelled by diesel oil and as to the house trailers, and dismissing it as to the other particulars.

Both parties appealed. Plaintiff-appellant has imputed the commission of the following errors to the trial court:

### "First Error

"The Superior Court erred in dismissing the claim of plaintiff based on the fact that the excise taxes collected by defendant were custom duties on the importation of articles, and in upholding the action of the Secretary of the Treasury in refusing to refund the excises collected on the introduction of the merchandise, machinery, equipment, etc., into Puerto Rico.

### "Second Error

"The Superior Court erred in dismissing the claim of plaintiff based on the fact that the property the object of this suit should not be subject to the payment of excise taxes on their introduction into Puerto Rico.

### "Third Error

"The Superior Court erred in dismissing the claim of plaintiff in connection with the articles introduced into Puerto Rico to be used in an industrial installation devoted to the processing of limestone, referred to as 'caliche' in this case."

---

[1] The taxpayer based its claim for refund on the following grounds: (1) the excise taxes collected represented a tax on imports prohibited by law; (2) the tax was imposed exclusively on the introduction of the articles and appliances, the use of such equipment not having been taken as a basis for the imposition of excise taxes; (3) the tax laws of Puerto Rico are not in force in the federal area of Ramey Base, to which Public Law 819 (76th Congress, October 9, 1940, H.R. 6887) is not applicable; (4) the machinery and equipment of the caliche (limestone) industrial plant was tax-exempt; (5) the compressors propelled by power other than electric power or by fluid gas, were not taxable; the paving breakers were not taxed by the Excise Tax Act, and (6) neither were the house trailers taxed by said Excise Tax Act.

However, defendant-appellee has requested the dismissal of this appeal on the ground that the service of the notice of appeal was not made within the statutory term.

The copy of the notification of the judgment was filed in the record on March 7, 1957. Therefore, the term to appeal expired on April 6, 1957. Section 295 of the Code of Civil Procedure. Plaintiff filed its notice of appeal at 4:59 p.m. on Friday, April 5, 1957, that is in due time, and one minute later it notified the said appeal by mail to the attorney for defendant, who received the same in his office on April 8 of the same year. The offices of the attorneys for both parties are located in the City of San Juan.

Section 296 of the Code of Civil Procedure (32 L.P.R.A. § 1283) provides that an appeal is taken by filing with the secretary of the court in which the judgment or order appealed from was entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice—the Spanish text states—on the adverse party or on his attorney. The English text, which should be the prevailing one,[2] provides that a similar notice be served on the adverse party, or his attorney.[3] The remittance by mail can take place, in accordance with § 321 of the same statute (32 L.P.R.A. § 1432), when the person in charge of making the notification or remitting the documents and the person to whom the same were addressed should reside or should have their offices in different places, between which there is a regular communication by mail. Persons residing in two different places or localities within the same city do not reside in "different places" within the meaning of this section. *Santana* v. *Salinas*, 54 P.R.R. 109; *Asencio* v. *Heirs*

---

[2] *Mestres* v. *Díaz*, 50 P.R.R. 354.

[3] The English text reads: ". . . and serving a similar notice on the adverse party, or his attorney." The word *service* when used with reference to summons, writs, subpoenas, notifications and other legal proceedings, means the reading of the document to the persons to be notified or the delivery to such person of the original or a copy of the same. *Asencio* v. *Heirs of Rodríguez*, 49 P.R.R. 8, 10.

*of. Rodríguez,* 49 P.R.R. 8. Notwithstanding, service may be made by mail even though the persons reside in the same place; but if the mail is used for the service, when in accordance with § 321 mentioned above the same should be made personally, the person making the service runs the risk, if the notification is not received within the statutory period, that the appellate court acquire no jurisdiction. *Collazo* v. *Puig & Abraham,* 70 P.R.R. 780.

Now, in accordance with § 320 of the Code of Civil Procedure (32 L.P.R.A. § 1431) the service of notice or delivery of documents should be made personally to the party or his attorney, as the case may be, or, with respect to the attorney, it can be made in the following manner:

"1. If upon an attorney, it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving them, between the hours of eight in the morning and four in the afternoon, in a conspicuous place in the office; or if it be not open so as to admit of such service, then by leaving them at the attorney's residence, with some person of suitable age and discretion; and if his residence be not known, then by putting the same inclosed in an envelope, into the post office, directed to such attorney."

 Since in the present case the attorneys for the parties had their offices in the same city, plaintiff was obliged to notify its appeal personally to defendant's attorney within the statutory term of 30 days. He could only have recourse to the substitute method of service by mail, if the efforts pointed out in § 320 were unsuccessful. The Rules of Civil Procedure of 1943 did not alter in any way the procedure provided by the Code of Civil Procedure for appellants to perfect their appeals in civil cases. *Colón* v. *Imperial Guarantee, etc., Co.,* 73 P.R.R. 822; *Collazo* v. *Puig & Abraham,* 70 P.R.R. 780; *Hernández* v. *Municipal Court,* 69 P.R.R. 827. It does not appear from the record that attorney for plaintiff-appellant should have followed these steps or pro-

cedure. In order to have recourse to the substitute method of service by mail it relied on the assumption that the offices of the attorney for defendant were closed after five o'clock in the afternoon of Friday, the 5th and that likewise they would remain closed on Saturday, the 6th, as well as on the fact of his not knowing such attorney's residence.

In interpreting §§ 1012 and 1013 of the Code of Civil Procedure of California, equivalent to §§ 320 and 321 of ours, the courts of that state have sustained the doctrine that in order to have recourse to service by mail, it is first necessary to have attempted to make personal service and to prove that all the formalities stated in § 1012 (our § 320) have been complied with, otherwise the service by mail is not valid. In *Harris* v. *Minnesota Inv. Co.*, 265 Pac. 306, it was stated: "Sections 1011 to 1015 et seq., Code of Civil Procedure of California, relate to the manner of giving notice. Reading of these sections indicates that the Legislature intended that notices should be personally served except in cases where that sort of service is impossible or greatly inconvenient. Section 1011 is detailed and specific as to the manner of giving notice to an attorney. It clearly indicates that every reasonable effort be exhausted to make a direct service upon the attorney or upon some one in his behalf, in person, before service by mail may be resorted to. It is only after unsuccessful attempts to serve the attorney in person or by leaving the paper to be served with some one of mature years, either at his office or his residence, have failed, that a notice to be served may be mailed to him at his office or residence. Even then the notice must be placed in a 'sealed envelope.' The only other circumstances under which service by mail may be made is that prescribed in section 1012 of the Code of Civil Procedure, which provides: 'Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in dif-

ferent places, between which there is a regular communication by mail.' It is incumbent upon one serving notice by mail to show that the case is one in which such notice is permitted and that the mode pointed out by the statute has been followed."

See to the same effect *Holmes* v. *Anderson*, 265 Pac. 1010; *Heinlen* v. *Heilbron et al.*, 30 Pac. 8; *Koyer* v. *Benedict*, 87 Pac. 231; 18 West's Annotated California Codes 433 *et seq.*, 40 Cal. Jur. 2d 115, § 91 *et seq.*

On the other hand, the reasons adduced by appellant— the uncertainty as to the final nature of the judgment appealed from and conversations had with attorneys for appellee—are not an excuse for not complying with the law. *Arandes* v. *Viera*, 75 P.R.R. 148; *Casasús* v. *White Star Bus Line*, 58 P.R.R. 864.

For the above reasons the appeal should be dismissed for lack of jurisdiction.