[Civ. No. 2129.   First Appellate District.—August 27, 1917.]

HJALMAR A. JANSSON, Appellant, v. NATIONAL STEAMSHIP COMPANY (a Corporation), Respondent.

NEW TRIAL—NOTICE OF INTENTION—RUNNING OF TIME FOR FILING—ACTUAL KNOWLEDGE OF ENTRY OF JUDGMENT—INSUFFICIENT NOTICE. Under section 659 of the Code of Civil Procedure providing that notice of intention to move for new trial must be filed within ten days after notice of entry of judgment, actual knowledge of entry is not sufficient to start the time running within which notice of intention to move for a new trial must be filed, and unless facts appear of record which constitute a waiver thereof the written notice required by the section must be given.

ID.—STIPULATION CORRECTING COST BILL—NOTICE OF ENTRY OF JUDGMENT—ABSENCE OF WAIVER.—A stipulation entered into between counsel permitting a correction to be made in the memorandum of costs and disbursements is not a waiver of the written notice of entry of judgment required by section 659 of the Code of Civil Procedure.

ID.—NOTICE OF ASSIGNMENT OF PART OF JUDGMENT—INSUFFICIENT NOTICE OF ENTRY.—A notice of assignment to plaintiff's attorney of a portion of a judgment, served on defendant, signed by plaintiff, and not by his attorney, is not sufficient notice of entry of judgment under section 659 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the City and County of San Francisco striking a notice of intention to move for a new trial from the files of the court.   John Hunt, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

Chickering & Gregory, for Respondent.

KERRIGAN, J.—This is an appeal by the plaintiff from an order denying his motion to strike from the files of the court a notice of intention to move for a new trial served and filed by defendant, plaintiff's motion being grounded upon the contention that the notice was not served or filed within the time provided by section 659 of the Code of Civil Procedure as it read at the time the motion was made.

As the result of the trial herein the plaintiff recovered a verdict against the defendant on or about the third day of February, 1915, for the sum of three thousand dollars. Thereafter, to wit, on the fifth day of February, 1915, a paper was served upon the defendant which, after reciting that for a valuable consideration received the plaintiff assigned to his counsel, Mr. W. C. Cavitt, an undivided one-half interest in the judgment herein, also stated that "said judgment was entered on the 4th day of February, 1915, in Judgment Book 48 at page 125 in the office of the County Clerk of the City and County of San Francisco. Dated February 5th, 1915. (Signed) Hjalmar A. Jansson." Thereafter and on the sixth day of February, 1915, plaintiff served and filed a memorandum of his costs and disbursements incurred in the action. Two days later the respective attorneys of the parties entered into a written stipulation which provided for a correction in the memorandum of costs, and which was filed with the clerk of the court on February 10, 1915. On the 24th of the same month the defendant served and filed a notice of intention to move for a new trial, which is the notice that plaintiff sought to have stricken from the files. The motion being denied, plaintiff takes this appeal.

Section 659 of the Code of Civil Procedure, so far as it relates to the matter in hand, provided at the time of the filing of said notice that the party intending to move for a new trial must within ten days after receiving notice of the entry of judgment file with the clerk and serve upon the adverse party notice of his intention.

It is claimed by the plaintiff that the stipulation above mentioned correcting the memorandum of costs and disbursements, and the notice of assignment of a portion of the judgment referring as it does to its entry, must be regarded as written notice of the entry of judgment sufficient to set in motion the time within which defendant was required to serve and file its notice of intention to move for a new trial.

There is no doubt that where, under the various provisions of the code, notice of a fact is required to be given, written notice is usually intended. (Code Civ. Proc., sec. 1010.) It is also true that in the case of the entry of judgment actual knowledge of such entry is never sufficient to start the time running within which notice of intention to move for a new trial must be filed; and that unless facts appear of record

which constitute a waiver thereof the written notice required by section 659 must be given. (*Forni* v. *Yoell,* 99 Cal. 173, [33 Pac. 887] ; *Gardner* v. *Stare,* 135 Cal. 118, [67 Pac. 5] ; *Hughes Mfg. & L. Co.* v. *Elliott,* 167 Cal. 494, [140 Pac. 17].) "The rule would therefore seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files or minutes of the court, and it follows that actual notice or knowledge, other than by written notice, is insufficient in any case unless it appears from facts thus evidenced that written notice was waived." (*Mallory* v. *See,* 129 Cal. 356, [61 Pac. 1123].)

A motion in court or other proceeding by a party with reference to a decision, which presupposes his knowledge that it has been made, and by which he seeks to protect his own interest against the other party, would be regarded as a waiver of his right to require written notice of the decision. An application for a stay of execution, it has been held, constitutes a waiver of such written notice, for the reason that the motion is based upon the fact that the decision had been rendered. In other words, the moving party obtained relief from the court which could only have been granted in view of the fact that the judgment had been rendered. (*Gardner* v. *Stare,* 135 Cal. 118, [67 Pac. 5].)

In *Forni* v. *Yoell, supra,* no written notice of decision appears to have been given by the prevailing party (the plaintiff) but the defendant filed a notice of intention to move for a new trial. This notice was served and filed more than ten days after the denial of a motion made by defendant to dismiss the action upon the ground that "the findings and decision of the court upon final submission of this action were filed February 27, 1890, and the party plaintiff thereby entitled to judgment has ever since neglected to demand and have the same entered for more than six months since the filing of said findings and decision." In that case it was held that the defendant, having based a motion on the fact that a decision had been rendered in the case, must have been deemed to have thereby waived written notice of the decision provided for in section 659 of the Code of Civil Procedure.

As to the stipulation in reference to the cost bill, we are unable to see how the defendant's action in entering into it can be regarded as a waiver of his right to receive written notice of the entry of the judgment. The stipulation does

not even contemplate that the judgment had been entered, and no relief was obtained by defendant which was necessarily based upon the theory that such entry had been made. The stipulation, we think, did not constitute a waiver of notice of the entry of judgment required by the section of the code above referred to.

It is the further contention of the appellant that the written notice required by this section was in fact given, this contention being based upon the fact that the notice of assignment of a portion of the judgment served by plaintiff upon the defendant containing, as it does, a reference to the entry of the judgment, must be held to constitute the written notice thereof contemplated by the section referred to.

It will be observed that this notice was not signed by the attorney of record for the plaintiff but by the plaintiff himself. Apparently it was designed and purported only to give notice to the defendant that an interest in the judgment had been assigned to plaintiff's counsel. But, as was said by the learned judge of the trial court in passing upon this question, ''Even assuming that such paper was intended to apprise defendant's counsel of the fact and date of the entry of judgment herein, it was wholly inoperative for that purpose. Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone. If in this instance a notice of intention to move for a new trial had been signed by the defendant corporation, or, if such notice had been signed by the attorney of record for the defendant herein, but had been served upon the plaintiff Jansson personally, the motion thus attempted to be inaugurated would be unavailing, and would be dismissed upon motion of the adverse party. From which it would seem to conclusively follow that a notice necessary to start the statutory period of time wherein the adverse party must institute a legal proceeding, must be signed by the attorney of record for the party on whose behalf such notice was given.''

For the reasons given the order appealed from is affirmed.

Lennon, P. J., and Richards, J., concurred.