[L. A. No. 24768.   In Bank.   Mar. 7, 1958.]

MARY EILEEN GOETZ, Petitioner, v. SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent; ROBERT
E. GOETZ, Real Party in Interest.

Bentson & Blumberg and James T. Bentson for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and
William E. Lamoreaux, Assistant County Counsel, for Respondent.

Eric A. Rose for Real Party in Interest

SHENK, J.—This is an application for a writ of prohibition
to restrain the respondent superior court from proceeding
further on an order to show cause by which Robert Goetz, the
real party in interest, sought to modify alimony and support
provisions of an interlocutory decree of divorce.   An alternative
writ was issued.

The petitioner, Mary Goetz, obtained an interlocutory decree
of divorce from Robert Goetz on May 25, 1956.   It contained
provisions for alimony and the support of the Goetz' minor

children. On February 15, 1957, Robert obtained an order to show cause why these provisions should not be modified. On March 19, 1957, a hearing was had on the order to show cause. The matter was transferred to the court commissioner for his findings and recommendations. On April 8, 1957, the court entered an order on the commissioner's findings and recommendations denying the relief sought. On the same day a deputy court clerk mailed a copy of the commissioner's recommendations and court order to Robert's attorney. On May 14, 1957, Robert's attorney filed and served exceptions to the findings and recommendations of the court commissioner and a notice of motion to set them aside. On May 31, 1957, the court entered a minute order sustaining the defendant's exceptions and granting his motion. The court reset the order to show cause for hearing on June 18, 1957. Mary then brought this proceeding in prohibition to restrain the superior court from enforcing its order of May 31st and from further proceeding on the order to show cause.

Mary contends that because Robert failed to except to the commissioner's first recommendations and court order within five days after copies thereof were mailed to his attorney on April 8 by the deputy clerk, his exceptions to the court's later action may not be heard or considered. Mary relies upon section 259a, subdivision 2 of the Code of Civil Procedure. Section 259a is contained in the chapter relating to the powers and duties of court commissioners. It is there provided that a commissioner shall have power ". . . 2. To take proof and make and report his findings thereon as to any matter of fact upon which information is required by the court; but any party to any contested proceeding may except to such report and the subsequent order of the court made thereon within five days after written notice of the court's action, a copy of said exceptions to be filed and served upon opposing party or his counsel within said five days; and may argue his exceptions before the court on giving notice of motion for that purpose within ten days from entry thereof. After a hearing before the court on such exceptions, the court may sustain, or set aside, or modify its order theretofore made. . . ."

Mary contends that the mailing of the commissioner's recommendations and the court order by the deputy clerk gave "written notice of the court's action" within the meaning of section 259a, subdivision 2. Robert contends that the mailing of such copies was not the "written notice" contemplated by that section because the copies of the commissioner's recom-

mendations and court order were not served upon his attorney by opposing counsel. He relies upon *Jansson* v. *National Steamship Co.*, 34 Cal.App. 483 [168 P. 151], and *Harris* v. *Minnesota Investment Co.*, 89 Cal.App. 396 [265 P. 306] as holding that effective notice of the court's action could only have been given by Mary's counsel, and that the notice given by the deputy clerk was insufficient to commence the running of the five-day period for the filing of exceptions.

In the Jansson case, the plaintiff signed and mailed a notice of assignment of judgment to defendant's counsel. More than 10 days after its receipt, defendant's counsel filed a notice of intention to move for a new trial. Under Code of Civil Procedure, section 659, such notice was required to be made within 10 days after receipt of notice of entry of judgment. The order denying the plaintiff's motion to strike was affirmed on the ground that the purported notice of entry of judgment was intended only as a notice of assignment of the judgment and could not, therefore, begin the running of the 10-day period for the filing of a notice of intention to move for a new trial. The court then considered the effect of the notice having originated with the plaintiff, quoting the trial judge: "Even assuming that such paper was intended to apprise defendant's counsel of the fact and date of the entry of judgment herein, it was wholly inoperative for that purpose. Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone." (34 Cal.App. at p. 486.)

In the Harris case a post card notice of the overruling of defendants' demurrer was sent to the defendants by a court clerk. No answer was filed and a default judgment was entered against one of the defendants to whom such notice was sent. That defendant moved to vacate the judgment contending that the postal card was not a sufficient notice to begin the running of the 10-day period in which an answer could be filed. The motion to vacate was granted. In affirming the order granting the motion to vacate the court approved the statement of the trial judge in the Jansson case above quoted and further stated: "Where notices during the course of proceedings in court are required to be given, they must be signed by the attorney of record." (89 Cal.App. at p. 401.)

Written notice of the court's action originating with counsel of record makes certain the date from which the five-day period for filing of exceptions is to run. To require, under

section 259a, subdivision 2, the filing of exceptions to any written notice of the court's action without regard to its source would unsettle the orderly procedure established by that section. Parties would act at their peril in failing to respond to such notices, and the attendant uncertainty could only obstruct the conduct of litigation. Confusion would be introduced into the practice with great prejudice to counsel and litigants if persons other than counsel were permitted to exercise control over such matters.

We conclude that the notification by the deputy court clerk of the commissioner's recommendations and the court order was insufficient to commence the running of the five-day period for filing exceptions to the commissioner's report and the subsequent court order.

The alternative writ is discharged and the peremptory writ is denied.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.