[Crim. No. 6537.   Second Dist., Div. Three.   Feb. 5, 1959.]

In re MERVIN BRUCE GILREATH, on Habeas Corpus.

Bodkin, Breslin & Luddy and Robert J. Sullivan for Petitioner.

Harold W. Kennedy, County Counsel, and Robert C. Lynch, Deputy County Counsel, for Respondent.

PATROSSO, J. pro tem.*—Proceeding in habeas corpus to secure release from custody after commitment for contempt.

In a divorce proceeding between the petitioner and his wife an order had been entered directing the petitioner to pay to his wife certain monthly sums for her support and that of

*Assigned by Chairman of Judicial Council.

his children. On November 18, 1958, upon the application of petitioner's wife supported by an affidavit averring that the petitioner was in default in making the payments so ordered and that he had the ability to make the same, an order was issued by the court directing the petitioner to show cause why he should not be punished for contempt in failing to comply with the court's prior order. The order to show cause was returnable December 3, 1958, and in response thereto the petitioner appeared in court on that date without counsel, at which time the hearing of the order to show cause was by the court referred to a commissioner. A hearing was had before the commissioner at the conclusion of which the petitioner was directed to appear before Judge Doyle who thereupon continued the matter to December 8, 1958. On the last named date petitioner appeared with counsel and the latter requested a continuance in order to enable him to investigate the matter. The request for continuance was denied and the court thereupon sentenced petitioner to five days in the county jail for contempt but, at the request of counsel for the petitioner, granted a stay of execution until the following day, December 9th, at which time it was again continued to December 11th when the court ordered the petitioner into custody.

Written findings of fact were made by the commissioner who heard the order to show cause to the effect that the petitioner willfully failed to make the payments ordered although having the ability to do so and was guilty of contempt and recommending that he should be committed to jail for a period of five days. While the findings and recommendation bear date of December 3, 1958, and also purport to have been approved by Judge Doyle upon the same date, the file stamp endorsed thereon discloses that the document was not filed until December 9, 1958, the day after the court sentenced petitioner to jail. Additionally, it appears that written notice of the commissioner's findings and recommendation and the court's action thereon required by section 259a of the Code of Civil Procedure was not served upon the petitioner until December 9, 1958, service thereof being made on that date by mail.

Thus on December 8, 1958, when the court undertook to sentence the petitioner for contempt, the order adjudging him in contempt had not been filed and the record is devoid of any minute order to this effect.  ▆  It has been said that it is fundamental that all orders of a court of record must be recorded in writing (*Cox* v. *Tyrone Power Enterprises* (1942),

49 Cal.App.2d 383, 394 [121 P.2d 829]) and an order is ineffective unless it is either filed with the clerk or entered in the minutes. (*Jablon* v. *Henneberger* (1949), 33 Cal.2d 773, 775 [205 P.2d 1].) ▮ Therefore, the court was without power on December 8 to sentence the petitioner. ▮ Moreover, on that date the five-day period during which the petitioner was entitled under Code of Civil Procedure, section 259a, to file exceptions to the commissioner's findings and the court's approval thereof had not commenced to run. (*Goetz* v. *Superior Court* (1958), 49 Cal.2d 784 [322 P.2d 217].) Under these circumstances the approval of the commissioner's findings and recommendation by Judge Doyle "did not have the effect . . . of *then* disposing of the contempt proceeding." (*McLaughlin* v. *Superior Court* (1954), 128 Cal.App. 2d 62, 65 [274 P.2d 745].)

The petitioner is ordered discharged from custody.

Shinn, P. J., and Wood (Parker), J., concurred.