[Civ. No. 1317. Fifth Dist. July 14, 1970.]

MAURICE KETSCHER, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
DONALD W. KETSCHER, Real Party in Interest.

**COUNSEL**

Shepard, Savage & DeVaney and James S. Shepard for Petitioner.

No appearance for Respondent.

Claude L. Rowe for Real Party in Interest.

**OPINION**

**GARGANO, J.**—After hearing an order to show cause, petitioner was adjudicated in constructive contempt of court for disobeying an alleged oral order of the superior court. He was fined $500 and sentenced to serve five days in the county jail. The fine was suspended, and because petitioner is a farmer he was ordered to serve the sentence in the county jail only during nighttime hours. Petitioner brings this action for write of prohibition to enjoin the court from executing the sentence.

Petitioner does not deny that he committed the acts for which he was adjudicated in contempt. He maintains that the court's oral pronouncement on which the adjudication was based is ineffective and that the court lacked jurisdiction to hold him in contempt. Petitioner also alleges that he does not have an adequate remedy at law because the sentence will be imposed if he is not granted relief in this proceeding.

The chronology is this: On August 15, 1969, the real party in interest, hereafter referred to as real party, filed an action against petitioner for injunctive and other relief; real party and petitioner are brothers, and they are involved in a dispute over a strip of real property and certain riparian rights. The cause proceeded to trial on December 10, 1969; petitioner was represented by James S. Shepard, and real party was represented by Claude L. Rowe. On the fifth day of trial the parties entered into certain stipulations for judgment. Subsequently, Mr. Rowe moved for permission to withdraw from the stipulations, but his motion was denied. On February 18, 1970, the court commenced a hearing on Mr. Shepard's objections to certain paragraphs contained in a proposed judgment prepared by Mr. Rowe. After an extended colloquy between the court and counsel, the hearing was continued until February 27, 1970. Then, the following occurred: "MR. ROWE: May I suggest this final paragraph, that there be no attacks? MR. SHEPARD: So stipulated. MR. ROWE: On either party to the other. THE COURT: If either party attacks the other,

I will consider this to be contempt of court, and I will punish accordingly. If you people can't, and I am speaking to you, Maurice, you have got to keep away from fisticuffs in this case. You are not settling anything at all. You are only complicating it, and I don't like it. MR. ROWE: And that applies to the party's attorney. MR. SHEPARD: That is correct. THE COURT: Thank you. That is all." On February 20, 1970, real party and his employees were removing a fence from the disputed strip of land when petitioner appeared on the scene. Petitioner objected to the removal of the fence because once it was removed his horses would escape. An argument ensued, and petitioner threw a rock through the window of his brother's automobile. It was for this provocative act that petitioner was held in contempt.

■ We reject real party's contention that prohibition does not lie in this case. If the court's oral pronouncement was ineffective, as petitioner contends, the court lacked jurisdiction to adjudicate him in contempt. And, since it is clear that the court intends to enforce the sentence it imposed, we will consider petitioner's contention on the merits (*Commercial Bank of Spanish America* v. *Superior Court,* 192 Cal. 395 [220 P. 422]; 40 Cal. Jur.2d, Prohibition, § 49, p. 203).

■ It is clear that disobedience of any lawful order of the superior court is constructive contempt (Code Civ. Proc., § 1209, subd. 5). ■ But, under Code of Civil Procedure section 1003, a court order is defined as "Every direction of a court or judge, *made or entered in writing, and not included in a judgment . . . .*" (Italics added.) Thus, it has been consistently stated that an order is ineffective unless it is either in writing filed with the clerk or entered in the minutes (*Jablon* v. *Henneberger,* 33 Cal.2d 773 [205 P.2d 1]; *In re Gilreath,* 167 Cal.App.2d 655, 656-657 [335 P.2d 203]). As the California Supreme Court stated in *Von Schmidt* v. *Widber,* 99 Cal. 511, 515 [34 P. 109]: "It is essential, however, that the action of the court be made a matter of record, in order that there may be no uncertainty as to what its action has been, and for this purpose it is customary, as well as expedient, to have its acts entered in the minutes kept by the clerk; but if the order is formally prepared and signed by the judge, and made a matter of record by filing with the clerk, the same end is obtained as if it were spread at length upon the minutes of its daily transactions."

■ We conclude that the court lacked jurisdiction to hold petitioner in contempt. The judge's direction to the parties not to attack each other and to "keep away from fisticuffs" was never reduced to writing nor was it entered in the court minutes. Moreover, the direction was not definitive;

it was couched in language reasonably susceptible to the interpretation that the judge was merely warning the parties as to what he intended to do in the future if there was any trouble; for example, the court did not enjoin the parties from engaging in activities which could result in violence or fisticuffs. To hold a person in constructive contempt for wilful disobedience of a court order, the order must be in writing or must be entered in the court's minutes. It must also be definitive; otherwise it lacks the certainty required to punish through a proceeding which in a broad sense is regarded as criminal or quasi-criminal (*Ex Parte Hollis,* 59 Cal. 405).

Real party argues that petitioner's counsel stipulated to the order, and that petitioner is bound by this stipulation. Be this as it may, the order was never reduced to writing or entered in the court's minutes and was therefore ineffective. Furthermore, as we view the record, petitioner's counsel seemingly only concurred with Mr. Rowe's suggestion that the proposed judgment should contain "a final paragraph that there be no attacks." In view of the criminal nature of the contempt proceeding, petitioner is entitled to the benefit of the doubt in this respect.

The writ is granted.

Stone, P.J., concurred.