[Crim. No. 28562. Second Dist., Div. Two. May 7, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WILLIAM LYON, Defendant and Appellant.

**COUNSEL**

Robert William Lyon, in pro. per., for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Barry R. Levy, Deputy District Attorneys, for Plaintiff and Respondent.

## Opinion

**BEACH, J.**—Appellant Robert William Lyon was charged in the municipal court with various misdemeanor offenses. On September 10, 1975, a hearing was held on petitioner's motion to suppress evidence pursuant to Penal Code section 1538.5. The court took the motion under submission and on October 16, 1975, entered the following minute order: "Motion to suppress is granted. Court finds there was probable cause for arrest. Good cause appearing therefore [*sic*]: it is the order of the Court that this matter be, and hereby is, DISMISSED in the interest of justice."

Appellant filed a notice of appeal from the "finding" that probable cause existed for his arrest. The People subsequently moved to dismiss the appeal. The appellate department of the superior court denied the motion in a written order, which was certified for publication. Thereafter, on our own motion, and pursuant to rule 62(a) of the California Rules of Court, we ordered the cause transferred to this court.

California Penal Code section 1466 provides that a defendant may appeal from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the case of (a) " . . . a final judgment of conviction . . ." and (b) " . . . any order made after judgment affecting his substantial rights."

Part (a) above provides no authority for an appeal in this matter since no judgment of conviction was rendered. Appellant argues, however, that part (b) may be interpreted so as to permit his appeal. He argues in essence that, if he was arrested without probable cause, he has a civil cause of action for false arrest or false imprisonment. Such a cause of action could be described as a "substantial right." He further contends that the trial court's "finding" that his arrest was effected with probable cause should be deemed an "order" made after judgment affecting his substantial right to seek redress for false arrest or imprisonment. He further notes the possibility that the finding of probable cause for his arrest may collaterally estop him from bringing any civil action to litigate the issue of that arrest.

We find the latter apprehension on the part of appellant to be quite untenable. ■ In order for a finding or other determination of an issue in one action to result in application of the doctrine of collateral estoppel in a second action, that finding or determination must have been necessary to the judgment in the first action. (Cf. *Albertson* v.

*Raboff,* 46 Cal.2d 375, 384-385 [295 P.2d 405]; *People* ex rel. *Baker* v. *Mack,* 19 Cal.App.3d 1040, 1049 [97 Cal.Rptr. 448]). The finding of the existence of probable cause for appellant's arrest in the present matter was obviously not necessary to the trial court's ruling that the evidence against appellant should be suppressed. Therefore, appellant cannot be collaterally estopped from alleging the illegality of his arrest in a future civil action.

█ Further, we are unable to conclude that the finding of probable cause for petitioner's arrest in the present matter may be deemed an "order" of the trial court. The term "order" is defined in Code of Civil Procedure section 1003 as follows: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. . . ." The trial court's finding that probable cause existed in the present case may not in any way be considered a "direction" of that court. (Cf. *Ketscher* v. *Superior Court,* 9 Cal.App.3d 601 [88 Cal.Rptr. 357].) Rather, since the finding of probable cause for the arrest was not necessary to the trial court's ruling that the evidence against appellant should be suppressed, that finding is merely an opinion of the trial court. An opinion of a trial court, not essential to any order or judgment rendered, may not itself be deemed an order. (Cf. *Runyan* v. *Semmens,* 212 Cal.App.2d 102, 104 [27 Cal.Rptr. 683].)

The appeal is dismissed.

Fleming, Acting P. J., and Compton, J., concurred.