Filed 10/8/25

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>JASON HILL,<br><br>   Defendant and Appellant. | 24APCM00173<br><br>(Clara Shortridge Foltz Criminal Justice Center Trial Court No. 1CJ07503-01)<br><br><br>**OPINION** |

\*          \*          \*

APPEAL from an order of the Superior Court of Los Angeles County, Maria Lucy Armendariz, Judge.  Appeal dismissed; petition denied.

Robert B. Corsun, under appointment by the Appellate Division of the Superior Court of Los Angeles County, for Defendant and Appellant.

Hydee Feldstein Soto, Los Angeles City Attorney, Kent J. Bullard, Assistant City Attorney, Jeanne Kim, Deputy City Attorney, for Plaintiff and Respondent

\*          \*          \*

1

Jason Hill (defendant) appeals from an order to pay victim restitution, made as a condition of pretrial diversion granted by the trial court pursuant to Penal Code section 1001.95.[1]  Defendant contends the restitution order exceeded the court's jurisdiction as the evidence, in his view, revealed the victim sustained no actual economic loss.  The People contest the merits of defendant's argument while also urging dismissal of the appeal taken from a non-appealable order.  We agree with the People's position and dismiss the appeal.  Construed as a petition for writ of mandate, we deny the petition.

BACKGROUND

In a misdemeanor complaint filed on September 13, 2021, defendant was charged with assault by force likely to produce great bodily injury (§ 245, subd. (a)(4)) and simple battery (§ 242) against the victim, Michael L.[2]  The alleged offenses occurred on September 7, 2020.  Defendant failed to appear for an arraignment hearing and an arrest warrant was issued.  On August 7, 2023, private counsel appeared on behalf of defendant pursuant to section 977, and an arraignment hearing was continued upon defendant's request.

On September 15, 2023, defendant filed a written motion for judicial diversion pursuant to section 1001.95 et seq.  According to the unverified memorandum of points and authorities, defendant was assured by the City Attorney that charges would not be filed in this case,[3] he subsequently moved to Nevada for work, the prosecutor decided to file charges "because [Michael L.] . . . was claiming that [he] had a deviated septum," and he was unaware of the charges until he received a letter in or around July 2023.

---

[1] All further statutory references are to the Penal Code.

[2] To protect personal privacy interests, we refer to the victim by first name and last initial.  (Cal. Rules of Court, rule 8.90(b)(4).)

[3] The exhibits filed in support of the motion include a letter from the City Attorney dated January 22, 2021, requesting defendant's appearance for an "office hearing."

The memorandum, offered to prove defendant's suitability for diversion included personal background information about defendant and summarized the circumstances underlying the alleged offenses. Michael L. was riding an electronic scooter, defendant honked at Michael L. and "words were exchanged." Defendant exited his car and punched Michael L. one time in the nose before leaving the scene. Michael L. had redness to his face and a bloody nose, but he refused medical treatment. Video surveillance captured the license plate number on defendant's vehicle. Michael L. selected defendant's photograph in a lineup with 80 percent assurance that he was the perpetrator. Defendant stated that prior to the punch, Michael L. "banged his scooter into [defendant's] car causing a dent" and "postured as if he was going to hit [defendant]." Defendant's motion also included numerous letters attesting to his volunteer service, non-violent character, and work ethic. Defendant had a college degree, was gainfully employed, had no prior arrests or convictions, and performed numerous hours of volunteer community service for non-profit organizations.

The People opposed the request for diversion, arguing therein that defendant was not suitable for diversion because the incident involved a violent act and resulted in serious bodily injury, defendant was unrepentant, and granting diversion may "provide[e] insufficient time to secure restitution for the victim[]."

A hearing on the motion convened on September 28, 2023. Defendant and his counsel appeared remotely. Neither party presented additional argument. Over the People's objection, the court granted the motion for diversion for a period of 12 months, with various terms and conditions including that defendant "make restitution in an amount to be determined later at a hearing, but liability is admitted." Defendant affirmed the terms of diversion were acceptable and waived time. The court decreed the complaint would be dismissed in one year if defendant satisfied all terms and conditions.

At the restitution hearing on August 30, 2024, the court indicated that defendant had satisfied all conditions of diversion other than victim restitution. The People's exhibit 1, a 20-page packet of restitution documentation, was admitted into evidence but is not included in the record on appeal. The People called Michael L. as its only witness.

Michael L. is a veteran who earns a living doing contract work as a screenwriter. Following the assault, Michael L. required two nasal surgeries to "breathe normally again," but he continues to have permanent breathing loss following the attack. The first surgery was on March 19, 2021, and the second surgery was on May 16, 2022. The People only sought restitution for lost wages incurred after the second surgery. No restitution was sought for medical bills paid by the Veteran's Administration.

In May 2022, Michael L. was set to commence an exclusive contract for approximately three months to write a screenplay for Millennium Films. When his recovery from the second surgery took longer than expected, Michael L. had to "push back the . . . commencement of the contract" to July 2022, which pushed the end date into the fall. Due to this delay and an exclusivity clause, Michael L. was unable to take on a second screenwriting contract in fall 2022, as was his usual practice. Tax documents confirmed Michael L. was paid earnings of $45,691 for the contract in 2022, compared to earnings of $110,000 for two screenwriting contracts in 2021. The People sought restitution of $11,422, using a pro rata calculation of lost wages during the three-week period of rehabilitation between the second surgery and the delayed commencement of Michael L.'s contract in July 2022. The court took the matter under submission.

The court convened another hearing on September 11, 2024,[4] with counsel appearing on defendant's behalf. The court indicated it read a supplemental report filed by defendant,[5] and restated that diversion was conditioned on defendant's payment of victim restitution of $11,422 to Michael L. The court asked if defendant wished to "go via civil judgment, or you can withdraw the diversion and take this to trial." Counsel, who was unable to contact defendant, requested another continuance and agreed to waive time. The court set a hearing for October 16, advising the parties: "[Defendant] has completed all terms of judicial diversion. We can discuss him going to a financial evaluator to discuss his ability to pay the restitution. I would

[4] All further date references are to the year 2024 unless otherwise indicated.

[5] The supplemental report was from a physician, retained as a defense expert in support of defendant's position that Michael L. sustained no injuries due to the attack.

4

be willing to extend diversion until he pays it, or he can go to via civil judgment or you can . . . go to trial."

On October 10, defendant filed a notice of appeal, purporting to appeal from the September 11 order to pay restitution as a condition of diversion.[6]

DISCUSSION

*Restitution Order as a Condition of Diversion Was Not Appealable*

We address the People's unopposed position that the appeal should be dismissed as being taken from a non-appealable order.[7] Appealability of orders related to diversion have been adjudicated by appellate courts,[8] but no published decision has assessed whether victim restitution ordered as a condition of section 1001.95 diversion is an appealable order. We conclude it is not.

At the outset, we assess whether the September 11 order that is the subject of the appeal is final or interlocutory. The one final judgment rule prohibits appellate review of interlocutory rulings until a final disposition of the appealable judgment or order. (*People v. Superior Court* (*Gregory*) (2005) 129 Cal.App.4th 324, 330.) A decree is interlocutory "where anything

---

[6] The record includes a minute order from the October 16 hearing which indicates that "defense counsel stipulates to extend judicial diversion [¶] . . . to January 31, 2025" and "Proof of restitution payment or via civil judgment is continued to . . . January 14, 2025, . . ." The proceeding was electronically recorded but there is no record of the proceeding before this court.

[7] As noted by the People, defendant's opening brief fails to include a mandatory statement of appealability. (Cal. Rules of Court, rule 8.883(a)(2)(B); see *Good v. Miller* (2013) 214 Cal.App.4th 472, 476-477 [requirement to include a statement of appealability is intended to avoid confusion about the appealability of a judgment or order before the appellate court].)

[8] For example, a defendant may appeal an order to pay restitution made after a case is dismissed pursuant to diversion. (See, e.g., *People v. Berlin* (2024) 101 Cal.App.5th 757 [adjudicating appeal of post-dismissal order to pay restitution, after completion of mental health diversion, without addressing appealability].) The People may challenge an order granting diversion to an ineligible defendant on mandamus. (See, e.g., *People v. Superior Court* (*Ortiz*) (2022) 81 Cal.App.5th 851; *People v. Superior Court* (*Espeso*) (2021) 67 Cal.App.5th Supp. 1.) Similarly, an order finding a defendant ineligible or unsuitable for diversion is reviewable by petition for extraordinary writ. (See, e.g., *Tan v. Superior Court* (2022) 76 Cal.App.5th 130 [reviewing denial of section 1001.95 diversion on mandamus; *Grassi v. Superior Court* (2021) 73 Cal.App.5th 283, 289 [declining to address whether a writ petition was appropriate to challenge the denial of section 1001.95 diversion, due to real party's failure to press the issue].)

5

further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties," whereas a decree is final "where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, . . ." (*People v. Wright* (1975) 47 Cal.App.3d 490, 492.)

Our interpretation of the record is that the September 11th decree to pay victim restitution as a condition of diversion was a final decision, as no issue was left for future consideration other than defendant's choice to "go via civil judgment" or to "withdraw [from] diversion and take this to trial." We have no record of the oral proceedings from the October 16th proceeding—which occurred after the filing of the notice of appeal. A minute order of the proceeding indicates that defendant stipulated to extend the term of diversion, and a hearing to show proof of restitution payment was continued to January 2025. Presumably, defendant accepted the restitution decree as a condition of diversion. We consider the September 11 order to be a final adjudication of the decree to pay victim restitution as a condition of diversion. That the decree to pay restitution was final, however, does not necessarily make it appealable.

Appellate courts have jurisdiction over appeals only from appealable judgments or orders. (*People v. Gray* (2024) 101 Cal.App.5th 148, 157.) The right to appeal is dictated by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) This court has jurisdiction to adjudicate a defendant's appeal, in a misdemeanor case, from (1) a final judgment of conviction including an order granting probation, or (2) an order made after an appealable judgment affecting the defendant's substantial rights. (§ 1466, subd. (b).)

Enacted in 2021, section 1001.95 authorizes trial courts to offer pretrial diversion, even over the People's objection, to a defendant charged with an eligible misdemeanor offense.[9] (§ 1001.95, subds. (a), (e).) Diversion is "'intended to offer a second chance to [certain] offenders who are minimally involved in crime and maximally motivated to reform . . . .'" (*People v. Shaginyan* (2025) 109 Cal.App.5th Supp. 1, 12.) The trial court "may continue a diverted case for a period not to exceed 24 months and order the defendant to comply with terms, conditions,

---

[9] It is undisputed the offenses charged in this case—sections 242 and 245—are not among the narrow category of offenses that are ineligible for diversion. (§ 1001.95, subd. (e).)

6

or programs that the judge deems appropriate based on the defendant's specific situation." (§ 1001.95, subd. (b).)  If the court grants diversion, the prosecution is suspended while the defendant completes the conditions ordered by the court, including making "full restitution," prior to having the case dismissed.  (§§ 1001.95, subd. (c), 1001.96, subds. (a), (b); see *People v. Shaginyan*, *supra*, at p. Supp. 9.)  The defendant is entitled to dismissal of the prosecution if, at the end of the period of diversion, he or she has satisfactorily complied with all conditions ordered by the court.  (§§ 1001.95, subd. (c), 1096, subd. (a).)  If, however, the defendant does not comply with the conditions of diversion, the court may end diversion, after notice and a hearing, and the prosecution is reinstated.  (§ 1001.95, subd. (d).)

During the diversion period, "there is—as yet—no judgment from which defendant can appeal."  (*People v. Mazurette*, *supra*, 24 Cal.4th at p. 794 [no appeal from order deferring entry of judgment and diverting case]; accord, *People v. Orihuela* (2004) 122 Cal.App.4th 70, 72-73 [no judgment during the period of diversion]; see also *Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 790-791 [order of informal supervision is not appealable].)  Considering the order of diversion was not an appealable judgment or order, it follows the decree to pay victim restitution as a condition of diversion was not an order made after a final judgment, and was therefore not appealable under subdivision (b)(2) of section 1466.  (See *People v. Lyon* (1976) 58 Cal.App.3d 86, 88-89 [post-dismissal order not appealable]; cf. *People v. Ford* (2015) 61 Cal.4th 282, 286 [order of restitution made after a judgment is appealable].)

Our view that the order was not appealable is supported by decisions in the analogous context of restitution ordered as a condition of informal supervision or deferred entry of judgment in juvenile delinquency cases.  (See, e.g., *In re M.T.* (2019) 43 Cal.App.5th 947, 952-956 [dismissing appeal of restitution order imposed as condition of informal supervision]; see *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307-1311 [dismissing appeal from order deferring entry of judgment which challenged the denial of a motion to suppress]; see also *G.C. v. Superior Court* (2010) 183 Cal.App.4th 371, 378 [mandamus available when the court refused to consider minor's ability to pay restitution awarded as a condition of deferred entry of

judgment].)  From the foregoing authority, we hold the appeal was unauthorized and must be dismissed.  (See *People v. Superior Court* (*Manuel G.*) (2002) 104 Cal.App.4th 915, 922-924.)

*Defendant Not Entitled to Writ Relief*

Reviewing courts have discretion to treat an appeal taken from a nonappealable order as a petition for writ of mandate when supported by the interests of justice.  (*People v. Superior Court* (*Manuel G.*), *supra*, 104 Cal.App.4th at pp. 925-926; *People v. Payne* (1988) 202 Cal.App.3d 933, 937.)  Circumstances authorizing the treatment of an appeal as a writ petition include uncertainty in the law respecting appealability (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853), and the absence of an adequate remedy at law (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1002).  Both circumstances are present in this case; therefore, we elect to treat the appeal as a petition for extraordinary writ.

Mandamus relief is authorized only where there is a clear ministerial duty on the part of the trial court and a correlative beneficial right in the petitioner to the court's performance of that duty.  (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340.)  "A ministerial duty is an obligation to perform a specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act."  (*Ibid.*)  A writ is not available, however, to force the exercise of discretion in a particular manner.  (*Payne v. Superior Court* (1976) 17 Cal.3d 908, 925; *People v. Privitera* (1976) 55 Cal.App.3d Supp. 39, 48.)

Section 1001.95 authorizes the trial court to "*offer* diversion to a defendant" (§ 1001.95, subd. (a), italics added), on condition that the defendant complies with the terms and conditions deemed appropriate by the court (§§ 1001.95, subd. (b), 1001.96, subd. (a)), including "mak[ing] full restitution" (§ 1001.96, subd. (b)).  Seeing the terms of judicial diversion are an "offer," defendant was free to reject them and allow the prosecution to proceed in the usual manner.  (See *People v. Hughes* (1975) 50 Cal.App.3d 749, 755 [unaccepted offer has no effect].)  The broad discretion afforded to the court to fashion the conditions of diversion requires an exercise of judgment and precludes relief on mandamus.  Accordingly, we perceive no violation of a beneficial right of defendant to the court's performance of any duty.

8

Assuming for the sake of argument, however, that defendant had a beneficial right, and the court had a ministerial duty, to limit the scope of restitution ordered as a condition of diversion to a concrete economic loss, defendant is not entitled to relief. No published case has addressed the scope of discretion afforded to the conditions of diversion imposed by a trial court. Because diversion is treated as a specialized form of probation, we draw from the rules governing restitution ordered as a condition of probation. (See *People v. Shaginyan*, *supra*, 109 Cal.App.5th at pp. Supp. 11-12.)

The standard of proof at a restitution hearing is proof by a preponderance of the evidence. (*People v. Grandpierre* (2021) 66 Cal.App.5th 111, 115.) A victim's statement of economic loss is prima facie evidence of the loss, and the defendant bears the burden to disprove the prima facie loss claimed by the victim. (*Ibid.*) As an appellate court, we review the restitution order for abuse of discretion; an abuse of discretion occurs if the court's decision is arbitrary or capricious, or if there is no factual and rational basis for the amount ordered. (*People v. Tafoya* (2025) 109 Cal.App.5th 868, 905.) This discretion is broadest when restitution is imposed as a condition of probation or, in this case, a condition of diversion. (See *People v. Giordano* (2007) 42 Cal.4th 644, 653, 663, & fn. 7.)

We find the restitution decree in this case was supported by ample evidence and was not an abuse of discretion. Defendant stipulated to his liability to pay restitution, while disputing the amount of the loss. The evidence produced at the hearing was that in 2021, Michael L. had two screenwriting contracts for total earnings of $110,000. In 2022, Michael L. was limited to accepting only one three-month contract for a total payment of $45,691, caused by the delay in his rehabilitation following the second surgery. This period of delay was attributable to defendant, as the second procedure was required to correct Michael L.'s breathing loss following the alleged attack. The $11,422 award was calculated by taking the 2022 contract total of $45,691, dividing that figure by 12 (the number of weeks for the three-month contract), which equates to $3,807.58 per week, and then multiplying that figure by three (for the three weeks of recovery time).

9

The evidence introduced at the hearing satisfied the People's burden to present prima facie evidence of loss. (*People v. Grandpierre*, *supra*, 66 Cal.App.5th at p. 115.) The defense cross-examined the veracity of Michael L.'s testimony but the prima facie evidence of loss was not effectively rebutted. (See *ibid.*) The trial court, which was in a superior position to observe the demeanor of Michael L., impliedly found his testimony and the People's documentary evidence to be credible—a determination we do not reweigh on appeal. (*People v. Tafoya*, *supra*, 109 Cal.App.5th at p. 905; see *People v. Lindberg* (2008) 45 Cal.4th 1, 36-37.) "Indeed, given the opportunity to proceed under a grant of diversion rather than face criminal prosecution, it is difficult to perceive how a sincere defendant could reasonably object to [the restitution] requirement . . . ." (*People v. Fleming* (1994) 22 Cal.App.4th 1566, 1571-1572.) Defendant is not entitled to relief.

## DISPOSITION

The appeal is dismissed. Construing the appeal as a petition for writ of mandate, the petition is denied.

_____
P. McKay, P. J.

We concur:


_____                    _____
Ricciardulli, J.                                              Guillemet, J.